PENDLETON, President,
after stating the ease, delivered the resolution of the Court as follows:
*218 In this case, two objections are made to the proceedings of the County Court, in which the District Court reversed their judgment.
1st. That a privy verdict, was improperly given in the cause.
On this point, since the consent of parties will cure error, and an agreement is stated, that a privy verdict might be given, the only question is, whether the agreement has been properly pursued ?
The consent is, that the verdict should be given to John Peyton, deputy Clerk.
The fact stated is, that the jury went with the Sheriff to the Clerk’s office, and Mr. Peyton being absent, delivered the papers to an acting Clerk, who sealed them up and laid them on the table, and then the jury was discharged. Peyton coming into the office soon after, endeavored to collect the jury together, but all could not be got.
The papers remained sealed, and were by Peyton delivered into Court next morning, where they were opened, and the verdict found amongst them.
There seems to have been no personal confidence reposed in Mr. Peyton, but a reference to him in his official character as deputy Clerk; and, in the transaction, intended to be at his office, he was to be a mere minister, and the duty might as well be performed by another Clerk there, as himself, provided, it was fairly done, which appears to have been the case.
The Court, therefore, are of opinion, that the agreement, if not literally, was essentially pursued, and overrule that objection.
2nd. The second objection assigned was, that the County Court directed the Clerk to amend the verdict, which was, “we find for the plaintiff one cent damage;” and this, by the amendment, was made to read, “we find for the plaintiff the lands in the declaration mentioned, and one cent damage. ”
An agreement is stated, that the Clerk might amend form; and, independent of that, it was a general verdict for the plaintiff, in a form very commonly used, which the Clerk, in his order-book, was to reduce into form, according to the issue. The interposition of the Court was unnecessary, and only directed the Clerk to do in substance what it was his duty to have done without that direction.
On both objections, there was error in the District Court. Their judgment is therefore reversed, and that of - the County Court affirmed.