JlIDGfi) TUCKE5R.
Multifarious have been the exceptions taken by the appellant’s counsel, to the proceedings in this case, in the District Court, as well on the part of their own client, as their adversaries’. And perhaps there is not one which might not have been sustained on a demurrer: or which might not have been fetal to the demandant’s action, had it not been aided or cured by the conduct of the tenant. I shall begin with the first, in the order of proceeding, though, I think, it obtained only the ninth place, in the order pursued by the apx>ellant’s counsel.
This was a writ of right, brought to recover lands lying in the County of Caroline. The original writ is not in the -record, the clerk certifying that one half of it was lost by the jury or counsel, on the trial, so that a copy thereof could not be inserted in the record, and it was contended that the Court had a right to suppose it to be erroneous, because a subsequent process was alleged to be wrong.
*The case of Redman v. Bdolph, 1 Saund. 317, furnishes a complete answer to this hypothesis. In that cause, an ejectione firma: was brougnt by an original writ; and on the record, on the issue roll, it was entered that the defendant was summoned, whereas it ought to be, that he was attached, from whence it was inferred, that the original writ was wrong. And this being moved in arrest of judgment, and the court being informed that no original writ could be found on the file, the defendant’s counsel (as in the present case) contended, that the Court ought to intend, that there was such a vitious original writ as the record supposes, unless the plaintiff shews another original, which is good, and may warrant an amendment of the record; for, (as the record is,) it appears that the declaration is founded upon a vitious original, and therefore no judgment can be given for the plaintiff. But the Court said, that inasmuch as there is not any original to be found on the file, they would intend, after a verdict, that there was once a good original, which is now lost, and that the plaintiff’s clerk had made a mistake in the recital of it; which, after verdict, is not material.
The next objection in the order of proceeding, is to the writ of exigi facias ; to which I shall give the same answer which the counsel who made it gave to a similar objection, made in another cause, the same day; that appearance and pleading to the action, cures all defects and errors in process.
The next in order was to the count, because it does not expressly state, that the lands lay in the county of Caroline: this may admit of three answers. First, the County is mentioned in the margin; secondly, if that be not sufficient, the Court, after a verdict, will intend, that it was so stated in the original writ, which has been destroyed; thirdly, the defect, if not cured by either of these circumstances, is completely aided by the tenant’s plea, which defendeth the demandant’s right, “in the tenement aforesaid, with the appurtenances, as of right, namelj’, of the tenement containing-■ acres of laud, in the county of Caroline.”
*A second objection to the count is, that it doth not aver, that the lands lie within the jurisdiction of the Court. A satisfactory answer to this objection may be found in the reasons given by the late President of this Court, in support of his opinion in the case of Thornton v. Smith, (1 Wash. 81,) in which, although he was overruled, as to the necessity of averring jurisdiction in Corporation Courts, especially in actions transitory, he has clearly demonstrated to my judgment, that the precedents in that case, and in Winder v. Fddy, (Ibid. 87,) and in Pride v. Hill, cited by him, (Ibid. 83,) ought to be confined to cases arising within the narrow limits of those inferior jurisdictions, and not extended to superior Courts, or even to the County Courts, otherwise we may have writs of error without number, from every quarter of the country, for want of this averment. I will add another reason; the District Court law is a public law, of which the courts are bound *676 judicially to take notice: by reference to that law, it must appear that the County of Caroline is within the jurisdiction of the Superior Court holden at Fredericksburg: and X cannot avoid seeing and noticing it.
A third objection to the count is that the boundaries of the lands demanded are not therein set forth; and the case of Beverly v. Fogg (1 Call, 484), was cited and relied on. The judgment of this Court, in that case was, that there was error in this, that the, boundaries of the land demanded in the count are not inserted therein, as required by law, nor found by the verdict of the Jury. From which it would seem that if they had been so found by the verdict, the omission in the count would have been cured. And X inclined to that opinion, since id certum est quod certum reddi potest, which probably was all that this Court thought requisite to the judgment. But without giving any opinion upon that point, here are boundaries inserted in the count, although by reference to a survey, previously made in the cause, on the motion of the demandant. The demand is of one tenement containing 1170 acres of land, ^bounded [as] by the lines of the survey made in this cause, beginning at the letter A. &c. The omission of the word [as] in the count, exposes it to the criticisms it received from the bar. But, after a verdict, the court will not, at this day adopt the maxim, qui cadit, in litera, vel in syllaba, vel in verbo, edit in toto. The demandant in my opinion descended to an unnecessary degree of strictness, in this recital of the boundaries of the lands he demanded. It would have been sufficient to have alleged the boundaries generally, as by the lands of A. B. C. and D. or by such a river, or such a creek, or water-course, and the lands of A. B. and C. The survey is intended to give the Court and Jury such minute and accurate information, as could neither conveniently nor without danger (as this case may prove) be inserted in the count. Nor is it at all important by whom, how, or when the survey thus referred to was made.
The demandant by referring to it, hath made it a part of his count; as much as if he had recited the lines in his patent, and referred to that for them. The tenant has proceeded in the same manner in her plea, and it is clear to my apprehension that the parties, the Jury, and the Court, perfectly understood both the one and the other.
But it was observed by the counsel who spoke last on the part of the appellant, that the tenant having disclaimed, as to part, judgment ought to have been that she should go thereof without day; for that the de-mandant might immediately enter thereon. This is the law, where the “tenant utterly diclaimeth from the tenancy in the land.” Bitt. sect. 691. But here this disclaimer is only as to a part, without saying how much, or what number of acres, (a) Being uncertain, and in part only, I am of opinion the plaintiff was not bound by it. It seems to me like bringing money into Court, by a defendant, which the plaintiff may take out of Court, or not, at his election. If he does not, but goes on to the trial of the issue, and is nonsuited, he may lose the whole. And in this case if there had been a verdict for the tenant, the demandant might perhaps have been thereby forever barred of that part *of the lands which she disclaimed title to, as well as the rest; notwithstanding the disclaimer. On this point, however, I mean not to give any opinion.
We come now to the replication; it is thus entered: “to this plea the demandant by his attorney, replied generally; and thereupon the trial of the issue was referred till the next Court.” The Clerk has added a note, that the replication is not filed in writing. It was his duty then not to have made the entry. But, after a verdict, I think this Court (if it be necessary) ought to intend that the demandant did reply generally, in writing, but that the Clerk neglected to file his replication. I say that this intendment should be made if necessary : but I am of opinion that where there is a negative and affirmative in pleading, a general formal replication in writing is not necessary according to the practice of our Courts in ordinary cases, and that the omission to file one in writing is cured by the verdict.
This brings us to the verdict and judgment. And I think the cases of Vandervier v. Pendleton, (1 Wash. 381,) and Murray v. O’Neal, (1 Call’s Rep. 246,) furnish precedents that fully justify both. There can be no doubt that the statute of jeofails extends to this most important of all actions as well as to suits of inferior consequence. The reason is so much .tiie stronger. I had almost overlooked an objection to the verdict, which was taken by Mr. Williams; that it finds “that the demand-ant hath more right to demand the land in the count and plea mentioned, than the tenant hath to hold.” Verdicts are held to be subject to the power of the Court, so as to mould them according to the true intent and meaning of the Jury, where that can be found responsive to the issue joined. The Jury have found the plaintiff had more right to demand than the tenant to hold the lands. The Court have said he had more right to have them as he demandeth them. One seems to be an irresistible consequence of the other. The case of Murray v. O’Neal, (1 Call, 246,) where, in ejectment, the Jury found for the plaintiff one cent damages, without saying *any thing about the land as much stronger than this. Again, the reference to the plea, may be rejected, and was rejected, as surplusage by the Court; the judgment referring only to the lands in the count mentioned, as it ought.
I am therefore of opinion that the judgment be affirmed.
JUDGE ROANE
said that he could see no error in the judgment.
JUDGE FLEMING.
The judgment is to be affirmed by the unanimous opinion of the Court.

 See Co. But. 308, a.