DANIEL, J.
It is no doubt true, as a general rule, that the right of a plaintiff in ejectment to recover, *rests on the strength of his own title, and is not established by the exhibition of defects in the title of the defendant, and that the defendant may maintain his defense by simply showing that the title is not in the plaintiff, but in some one else. And the rule is usually thus broadly stated by the authorities, without qualification. There are, however, exceptions to the rule as thus announced, as well established as the rule itself. As when the defendant has entered under the title of the plaintiff he cannot set up a title in a third person in contradiction to that under which he entered. Other instances might be cited in which it is equally as well settled that the defendant would be estopped from showing defects in the title of the plaintiff. In such cases, the plaintiff may, and often does recover, not by. the exhibition of a title good in itself, but by showing that the relations between himself and the defendant are such that the latter cannot question it. The relation between the parties stands in the place of title; and though the title of the plaintiff is tainted with vices or defects that would prove fatal to his recovery in a controversy with any other defendant in peaceable possession, it is yet all sufficient in a litigation with one who entered into the possession under it, or otherwise stands so related to it that the law will not allow him to plead its defects in his defense.
Whether the case of an intrusion by a stranger without title, on a peaceable possession, is not one to meet the exigencies of which the courts will recognize a still further qualification or explanation of the rule requiring the plaintiff to recover only on the strength of his own title, is a question which, I believe, has not as 3*et been decided by this court. And it is somewhat x'emarkable that there ax*e but few cases to be found in the English reporters in which the precise question has been decided or considered by the courts.
The cases of Read & Morpeth v. Erington, Croke *Eliz. 321; Bateman v. Allen, Ibid. 437; and Allen v. Rivington, 2 Saund. R. 111, were each decided on special vex'dicts, in which the facts with respect to the title were stated. In each case it was shown that the plaintiff was in possession, and that the defendant entex'ed without title or authority; and the court held that it was not necessary to decide upon the title of the plaintiff, and gave judgment for him. In the report of Bate-man v. Allen, it is said that Williams Sergeant moved, “that for as much as in all the verdict it is not found that the defendant had the primer possession, nor that he entered in the right or by the command of an3« who had title, but that he entered on the possession of the plaintiff without title, his entry is not lawful;” and so the court held.
And in Read & Morpeth v. Erington, it was insisted that for a portion of the premises the judgment ought to be for the defendant, in as much as it appeared from the verdict that the title to such portion was outstanding in a third party; but the court said it did not matter, as it was shown that the plaintiff had entered, and the defendant had entered on him.
I have seen no case overruling these decisions. It is true that in Haldane v. Harvey, 4 Burr. R. 2484, the general doctrine is announced that the plaintiff must recover on the strength of his own title; and that the “possession gives the defendant a right against every man who cannot- show a good title.” But in that case the circumstances under which the defendant entered, and the nature of the claim by which he held, do not appear; and the case, therefore, cannot properly be regarded as declaring more than the general rule.
The same remark will apply-to other cases that might be cited, in which the general rule is propounded in terms eaually broad and compx-ehensive.
In 2 T. R. 749, we have nothing more than the syllabus of the case of Crisp v. Barber, in which it is said *that a lease of a rectory-house, &c., by a rector, becomes void by 13th Eliz. ch. 20, by his nonresidence for eighty days, and that a stranger may take advantage of it. And that the lessee cannot maintain ejectment against a stranger who enters without any title whatever.
And in Graham v. Peat, 1 East’s R. 244, in which, upon a like state of facts, arising under the same statute, the plaintiff brought trespass instead of ejectment, it was held that his possession was sufficient to maintain trespass against a wrong-doer, the chief justice, Lord Kenyon, remarking, that “if ejectment could not have been maintained, it was because that is a fictitious remedy founded upon title.”
These two cases as reported may, perhaps, when taken in connection, be fairly regarded as holding that mere possession by the plaintiff will justif3^ the action of trespass against an intruder, but is not sufficient to maintain ejectment. If so, they are in conflict with the earlier decisions before cited. It is to be observed, however, of the first of these cases, that we *79 have no statement of the grounds on which it was decided; and of the last, that it does not directly present the question whether ejectment could or could not have been maintained. And I do not think it would be just to allow them to outweigh decisions in which the precise question was fairly presented, met and adjudicated: The more especially, as the doctrine of the earlier cases is reasserted by Lord Tenterden in the case of Hughes v. Dyball, 14 Eng. C. L. R. 481. In that case, proof that the plaintiff let the locus in quo to a tenant who held peaceable possession for about a year, was held sufficient evidence of title to maintain ejectment against a party who came in the night and forcibly turned the tenant out of possession. In Archibold’s Nisi Prius, vol. 2, p. 395, the case is cited with approbation, and the law stated in accordance with it. In this country *the cases are numerous, and to some extent conflicting, yet I think that the larger number will be found to be in accordance with the earlier English decisions. I have found no case in which the question seems to have been more fully examined or maturely considered than in Sowden, &c. v. McMillan’s heirs, 4 Dana’s R. 456. The views of the learned judge (Marshall) who delivered the opinion in which the whole court concurred, are rested on the authority of several cases in Kentucky, previously decided, on a series of decisions made by the Supreme court of New York, and on the three British cases of Bateman v. Allen, Alien v. Rivington, and Read & Morpeth v. Rrington, before mentioned. ‘ ‘These three cases (he says) establish unquestionably the right of the plaintiff to recover when it appears that he was in possession, and that the defendant entered upon and ousted his possession, without title or authority to enter; and prove that when the possession of the plaintiff and an entry upon it by the defendant are shown, the right of recovery cannot be resisted by showing that there is or may be an outstanding title in another; but only by showing that the defendant himself either has title or authority to enter under the title.”
“It is a natural principle of justice, that he who is in possession has the right to maintain it, and if wrongfully expelled, to regain it by entry on the wrong-doer. When titles are acknowledged as separate and distinct from the possession, this right of maintaining and regaining the possession is, of course, subject to the exception that it cannot be exercised against the real owner, in competition with whose title it wholly fails. But surely it is not accordant with the principles of justice, that he who ousts a previous possession, should be permitted to defend his wrongful possession against the claim of restitution merely by *showing that a stranger, and not the previous possessor whom he has ousted, was entitled to the possession. The law protects a peaceable possession against all except him who has the actual right to the possession, and no other can rightfully disturb or intrude upon it. Whthe the peaceable possession continues, it is protected against a claimant in the action of ejectment, by permitting the defendant to show that a third person and not the claimant has the right. But if the claimant, instead of resorting to his action, attempt to gain the possession by entering upon and ousting the existing peaceable possession, he does not thereby acquire a rightful or a peaceable possession. The law does not protect him against the prior possessor. Neither does it indulge any presumption in his favor, nor permit him to gain any advantage by his own wrongful act.”
In Adams v. Tiernan, 5 Dana’s R. 394, the same doctrine is held; it being there again announced that a peaceable possession wrongfully divested, ought to be restored, and is sufficient to maintain the action ; and that no mere outstanding superior right of entry in a stranger, can be used availably as a shield by the trespasser in such action. It has also been repeatedly reaffirmed in later decisions of the Supreme court of Ñew York; and may therefore be regarded as the well settled law of that state and of Kentucky.
To the same effect are the decisions in New Jersey, Connecticut, Vermont and Ohio. Penton’s lessee v. Sinnickson, 4 Halst. R. 149; Daw v. Wilson, 2 Root’s R. 102; Ellithorp v. Dewing, 1 Chipm. R. 141; Warner v. Page, 4 Verm. R. 294; Ludlow’s heirs v. McBride, 3 Ohio R. 240; Newnam’s lessee v. The City of Cincinnati, 18 Ohio R. 327. In the case of Ellithorp v. Dewing, 1 Chipm. R. 141, the rule is thus stated: “Actual seizin is sufficient to recover as well as to defend against a Dstranger to the title. He who is first seized may recover or defend against any one except him who has a paramount title. If disseized by a stranger, he may maintain an action of ejectment against the disseizor, and in like manner the disseizor may maintain an acLion against all persons except his disseizee, or some one having a paramount title.”
In Delaware, North Carolina, South Carolina, Indiana, and perhaps in other states of the Union, the opposite doctrine has been held.
In this state of the law, untrammeled as we are by any decisions of our own courts, I feel free to adopt that rule which seems to me best calculated to attain the ends of justice. The explanation of the law (as usually announced) given by Judge Marshall in the portions of his opinion which I have cited, seems to me to be founded on just and correct reasoning; and I am disposed to follow those decisions which uphold a peaceable possession for the protection as well of a plaintiff as of a defendant in ejectment, rather than those which invite disorderly scrambles for the possession, and clothe amere trespasser with the means of maintaining his wrong, by showing-defects, however slighL, in the title of him *80 on whose peaceable possession he has intruded without shadow of authority or title.
The authorities in support of the maintenance of ejectment upon the force of a mere prior possession, however, hold it essential that the prior possession must have been removed by the entry or intrusion of the defendant; and that the entry under which the defendant holds the possession must have been a trespass upon the prior possession. Sowden v. McMillan’s heirs, 4 Dana’s R. 456. And it is also said that constructive possession is not sufficient to maintain trespass to real property; that actual possession is required, *and hence that where the injury is done to an heir or devisee by an abator, before he has entered, he cannot maintain trespass until his re-entry. 2 Tucker’s Comm. 191. An apparent difficulty, therefore, in the way of a recovery by the plaintiffs, arises from the absence of positive proof of their possession at the time of the-defendant’s entry. It is to be observed, however, that there is no proof to the contrary. Mrs. Lewis died in possession of the premises, and there is no proof that they were vacant at the time of the defendant’s entry. And in Gilbert’s Tenures 37, (in note,) it is stated, as the law, that as the heir has the right to the hereditaments descending, the law presumes that he has the possession also. The presumption may indeed, like all other presumptions, be rebutted: but if the possession be not shown to be in another, the law concludes it to be in the heir.
The presumption is but a fair and reasonable one; and does, I think, arise here; and as the only evidence tending to show that the defendant sets up any pretense of right to the land, is the certificate of the surveyor of Buckingham, of an entry by the defendant, for the same, in his office, in December 1844; and his possession of the land must, according to the'evidence, have commenced at least as early as some time in the year 1842; it seems to me that he must be regarded as standing in the attitude of a mere intruder on the possession of the plaintiffs.
Whether we might not in this case presume the whole of the purchase money to be paid, and regard the plaintiffs as having a perfect equitable title to the premises, and in that view as entitled to recover by force of such title; or whether we might not resort to the still further presumption in their favor, of a conveyance of the legal title, are questions which I have not thought it necessary to consider; the view, which *I have already taken of the case, being sufficient, in my opinion, to justify us in affirming the judgment.
ALLEN, MONCURE and SAMUELS, Js., concurred in the opinion of Daniel, J.
LEE, J., dissented.
Judgment affirmed.
EJECTMENT.
I. Nature of the Remedy.
II. For What the Action Lies.
III. Title to Support the Action.
A. In General.
B. Adverse Possession.
IV. Parties.
A. Who May Bring the Action.
B. Against Whom the Action May Be Brought.
V. Demand and Notice to Quit.
VI. Defences.
A. Limitations or Adverse Possession.
B. Outstanding Title in a Third Party.
C. Equitable Defences.
VII. Pleading and Practice.
A. Forum of the Action.
B. The Declaration.
O. Pleas.
D. New Trials.
E. Appellate Proceedings.
VIII. Evidence.
A. Admissible Evidence.
B. Inadmissible Evidence.
C. Weight of Evidence.
IX. Verdict and Judgment.
A. Requisites and Construction of Verdicts
B. Special Verdicts.
C. The Judgment.
X. Mesne Profits and Improvements.
Cross References:
Adversary Possession, appended to Nowlin v. Reynolds, 25 Gratt. 137.
Unlawful Detainer, appended to Dobson v. Culpepper, 23 Gratt. 352.
I. NATURE OF THE REHEDY.
The action of ejectment is designed to try both the title and right of possession to the land in controversy. The plaintiff cannot recover without showing that he is entitled to the possession; and the defendant without having any right to the possession himself, may generally prevent a recovery by the plaintiff, by showing an outstanding right of possession in another. 4 Min. Inst. (3d Ed.) 444 et seq., Davis v. Mayo, 82 Va. 97; Olinger v. Shepherd, 12 Gratt. 471.
ÍI. FOR WHAT THE ACTION LIES.
Land Subject to Dower.—A plaintiff in an action of ejectment may recover land which is subject to the dower of a widow, if such dower has not been assigned; for, until the dower is assigned she has no right to the possession of any of the land. The plaintiff’s recovery in such case, however, is subject to the title of the widow. Chapman v. Armistead, 4 Munf. 382; Moore v. Gilliam, 5 Munf. 346.
Where Right of Easement Is in Defendant.—A recovery of a judgment in ejectment is subject to any easement in the public to use the land as a street or highway; and the right of the public to the easement is not drawn in question or in any way affected by the controversy between the plaintifi and the defendant as to the ownership of the fee. Warwick v. Mayo, 15 Gratt. 528.
Breach of Condition Subsequent in a Deed.—Where land is granted upon a condition subsequent, and there is a breach of the condition, the grantee’s estate is determined by this breach, and an action of ejectment can be maintained by the grantor against the grantee for the recovery of the land. Martin v. Ohio R. R. Co., 37 W. Va. 349, 16 S. E. Rep. 589.
*81 But where a stipulation in a deed does not amount to a condition subsequent, the grantor cannot maintain ejectment upon nonperformance of the stipulation. Brown v. Caldwell, 23 W. Va. 187. In Carper v. Cook, 39 W. Va. 346, 19 S. E. Rep. 379, land was sold to the hoard of education for school purposes, and afterwards the board of education ceased to use the land for such purposes, and sold it to a third person. It was held that ejectment would not lie by the grantor, for the recovery of the land.
Incorporeal Hereditaments.—Under the Virginia statute which provides, that “a party haying an interest in or claim to land held adversely by another may sell and convey the same, and his grantee may maintain ejectment for it,” an action of ejectment may be maintained for the recovery of an incorporeal hereditament. Code of 1887. § 2418; Carrington v. Goddin, 13 Gratt. 587; Reynolds v. Cook, 83 Va. 817, 3 S. E. Rep. 710.
A grant of a right to quarry and remove limestone for certain specific purposes, has been held to be not a mere license, but an interest in or a right arising out of land, and as such, to constitute under the Va. Code, the foundation for an action of ejectment. Reynolds v. Cook, 83 Va. 817, 3 S. E. Rep. 710.
Laud Dedicated to Public or Charitable Uses.—Where land is reserved by a grantor in a deed, and dedicated to a public or charitable use, no title passes by subsequent conveyances of the tract out of which the reservation was made, though these conveyances he without reservation; and if a subsequent grantee takes possession of the land so dedicated by reservation, the dedicator may maintain an action of ejectment for it. Benn v. Hatcher, 81 Va. 25.
Action to Recover the Use of Certain Lands.- -According to the terms of a covenant annexed to a deed, the grantor of a tract of land had a right to its use, when it was not required or needed for the purposes of the grantee. In an action of ejectment brought by the grantor to recover the use of the lands which were unemployed by the grantee, it was held, that under the Virginia Code, §§ 2730, 2738, ejectment would not lie to recover the mere use of unemployed or unoccupied lands for an uncertain and indefinite period. King v. Norfolk, etc., Ry. Co., (Va. 1901), 7 Va. Law Reg. 403.
Where the Land Claimed Is Uncertain—Election.— Where there is an intention on the part of the grantor to except from the operation of a deed certain lands which would otherwise be covered by such deed, the land intended to he excepted must be described with certainty in order to withdraw it from the operation of the deed. Unless the land is described with certainty the grantor cannot maintain an action of ejectment for it. Butcher v. Creel, 9 Gratt. 201.
But uncertainty in the reservation of a deed may be cured by the election of the grantor made within a reasonable time; and after such election, the grantor may maintain an action of ejectment for the land which he elects to take. Benn v. Hatcher, 81 Va. 25.
Land Granted with Reservations to Prior Holders.— The commonwealth, by patent granted a tract of land containing 70.202 acres, within specified metes and bounds, by a survey! containing a surplus of 42,000 acres, held by titles haying legal preference to the warrants and rights, upon which the grant was founded. A reservation was therefore made in favor of those titles in general terms. It was decided thatnnder the terms of this patent, the grantee was entitled to recover in ejectment all the land within the metes and hounds thereof, except such as the defendants might show themselves entitled to, under the said reservation. Hopkins v. Ward, 6 Munf. 38. See also, Nichols v. Covey, 4 Rand. 365; Bryan v. Willard, 21 W. Va. 65.
Land Forfeited for Nonpayment of Taxes. The heirs of a patentee of land forfeited for nonpayment of taxes and not redeemed, cannot maintain ejectment for it against a party who has entered upon it peaceably, though the tenant has no title to the land. Ushers v. Pride, 15 Gratt. 190.
III. TITLE TO SUPPORT THE ACTION.
A. IN GENERAL.
General Rule.—The general rule in ejectment is that the plaintiff must show a legal title in himself, and a present right of possession under it at the time of the commencement of the action. He must recover on the strength of his own title and not on the weakness of his adversary’s. As the party in possession is presumed to be the owner until the contrary is proved, it is necessary for the claimant in ejectment to show in himself a good and sufficient title to the land, to enable him to recover from the defendant. He will not be satisfied by the weakness of the defendant's claim. The possession of the latter gives him the right against every man who cannot establish a tille, and if he can answer the case on the part of the claimant by showing the real title to the land to be in another, it will be sufficient for his defence, although he does not pretend that he holds the land with this consent or under the authority of the real owner. Suttle v. Rich., etc., R. Co., 76 Va. 284; Nelson v. Triplett, 81 Va. 236; Russell v. Allmond, 92 Va. 484, 23 S. E. Rep. 895; Holly River Coal Co. v. Howell, 36 W. Va. 489. 15 S. E. Rep. 214: Reusens v. Lawson, 91 Va. 226, 21 S. E. Rep. 347; Atkinson v. Smith (Va.), 24 S. E. Rep. 901; Bradley v. Ewart, 18 W. Va. 598; Witten v. St. Clair, 27 W. Va. 762; Slocum v. Compton, 93 Va. 374, 25 S. R. Rep. 3; Low v. Settle, 32 W. Va. 600, 9 S. E. Rep. 922; McKinney v. Daniel, 90 Va. 704, 19 S. E. Rep. 880; Voight v. Raby, 90 Va. 799, 20 S. E. Rep. 824.
Exceptions to the General Rule.—A person in peaceable possession of land which is entered upon, and who is ousted by a stranger without title, may recover in ejectment upon the strength of Ms mere previous possession. The reason is, that actual seisin is evidence of title against all the world, except the true owner, and the law will not permit, that seisin to be wantonly invaded by one who himself has no title. Lee v. Tapscott, 2 Wash. 276: Suttle v. Richmond, etc., R. Co., 76 Va. 289; Witten v. St. Clair, 27 W. Va. 762.
A tenant let into possession under a lease is es-topped to deny the title of his landlord, and this estoppel may be relied on in ejectment. Here again, the estoppel is founded on a permissive possession, and is admitted to be a departure from the strict rule of law. which requires that the plaintiff in ejectment must recover on the strength of Ms own title, and not on the weakness of his adversary’s. Miller v. Williams, 15 Gratt. 213; Alderson v. Miller, 15 Gratt. 279; Suttle v. Rich., etc., R. Co., 76 Va. 289; Witten v. St. Clair. 27 W. Va. 763.
Equitable Title Insufficient.—It is a well-established rule that an equitable title is not sufficient to support. an action of ejectment. Ruffners v. Lewis, 7 Leigh 720; Suttle v. Rich., etc., R. Co., 76 Va. 284; Russell v. Allmond, 92 Va. 484, 23 S. E. Rep. 895: Slocum v. Compton, 93 Va. 374, 25 S. E. Rep. 3.
*82 Title from a Common Source,—In ejectment, when both parties claim title from a common grantor, the rule is well settled that it is prima facie sufficient for the plaintiff to prove such common derivation of title, without proving that such person had title to the land in controversy. Bolling v. Teel, 76 Va. 487; Laidley v. Cent. Land Co., 30 W. Va. 505, 4 S. E. Rep. 705; Low v. Settle, 32 W. Va. 600, 9 S. E. Rep. 922; Carrell v. Mitchell, 37 W. Va. 130, 16 S. E. Rep. 453.
When Title Must Exist in Plaintiff.—The plaintiff must have title to the land in controversy at the commencement of the suit in order to support an action of ejectment. Suttle v. Rich., etc., R. Co., 76 Va. 284; Russell v. Allmond, 92 Va. 484, 23 S. E. Rep. 895. But it has been held that the conveyance of the land in controversy by the plaintiff pending an action of ejectment does not affect his right of recovery. Beckwith v. Thompson, 18 W. Va. 103.
What Is Sufficient Proof of Title.—A plaintiff in an action of ejectment may show his title by tracing it back to a grant from the commonwealth, or he may show such a state of facts as will warrant the jury in presuming a grant from the commonwealth. Sulphur Mines Co. v. Thompson, 93 Va. 293, 25 S. E. Rep. 232. And he may recover under one or the other of two demises of the same land, from different persons. Hopkins v. Ward, 6 Munf. 38; See v. Greenlee, 6 Munf. 302.
B. ADVERSE POSSESSION.
Actual Possession under Color of Title.—A person having held actual possession of land for more than fifteen years under color of title, and being then ousted by another who is a mere trespasser without pretence of title, may recover In ejectment against such trespasser, though it does not appear that the land has ever been granted by the commonwealth. Middleton v. Johns, 4 Gratt. 129.
See generally, on this subject, monographic note on “Adverse Possession” appended to Nowlin v. Reynolds, 25 Gratt. 137.
Temporary Possession Insufficient to Give Title.—It was held in Pasley v. English, 5 Gratt. 141, that a temporary possession of land, by cutting and sawing timber upon it, was not such adversary possession as would give title, and enable a party to sue in ejectment.
In ejectment, where it appeared from the evidence that the land in controversy was vacant when the defendant came to the possession of it peaceably and quietly, without any privity between him and the lessors of the plaintiff or those under whom they claimed, it was held that the plaintiff could not recover, upon the ground of the prior possession of the lessors, without proving twenty years uninterrupted adverse possession on their part or on the part of those under whom they claimed; or showing a right to the possession by the death and seisin, in the manner prescribed by the act of assembly, of some person under whom they claimed. Moody v. McKim, 5 Munf. 374.
Adverse Possession—Interlocks.—A plaintiff in an action of ejectment claiming title by adverse possession, though he recovers other parts of the tract claimed, cannot recover possession of an interlock which has never been in his actual possession and which has been occupied for a long time by the defendant. The plaintiff must show possession of the interlock or some portion of it for the period of the statutory bar before his claim will ripen into title. Breeden v. Haney, 95 Va. 622, 29 S. E. Rep. 328; Garrett v. Ramsey, 26 W. Va. 345; Congrove v. Burdett, 28 W. Va. 220.
Defect in a Deed Cured by Possession under It.—In ejectment, the jury haying found twenty years' possession in the plaintiff, an objection to one of his title deeds that it was not indented, and expressed no consideration, was not sufficient to prevent a judgment in his favor. Kinney v. Beverley, 2 H. & M. 318.
Grant Presumed from Possession.—Plaintiffs in an action of ejectment, claimed under possession taken by a party in 1792, and a continuous, open, and notorious possession by persons claiming under the party who originally took possession. The defendants had only been on the land a few years, not even under color of title, and they sought to defeat the action by showing an outstanding title In a third, person. It was held, that as against these defendants, a grant would be presumed to the person under whom the plaintiffs claimed. Carter v. Robinett, 33 Gratt. 429.
IV. PARTIES.
A. WHO MAY BRING THE ACTION.
Parties Entitled to Sue in Writ of Right Priorto 1850. —By the Code of Va. of 1849, the action of ejectment was enlarged to embrace all cases which were formerly covered by the writ of right. If a party was entitled to recover in a writ of right before the Code of 1849 wentinto effect, he is entitled to recover in the present action of ejectment under the provisions of that Code (ch. 135, 149). Mitchell v. Baratta. 17 Gratt. 445.
Cestui Que Trust.—A cestui que trust, after the purposes of the deed have been satisfied, may maintain ejectment, upon a demise in bis own name, although the legal estate Is still in his trustee. Hopkins v. Ward, 6 Munf. 38.
Trustees.—The fact that a cestui que trust may maintain ejectment, after the trust-is satisfied, does not deprive the trustee holding the legal title, of his right to maintain such an action. Hopkins v. Stephens, 2 Rand. 422.
Purchaser from a Trustee.—A conveyance of the trust property by a trustee, though in violation of the terms of the trust deed, passes an absolute legal title to the property, defeasible only in a court of equity, and the purchaser from the trustee may maintain an action of ejectment against the party in possession. Taylor v. King, 6 Munf. 358; Harris v. Harris, 6 Munf. 367.
Co-tenants ínter Se.—Ejectment may be maintained by one tenant in common against another; but in such case actual ouster must be shown by the plaintiff before he can maintain the action. The pro forma confession of ouster which a defendant was compelled to make under the old “consent rule” before being allowed to plead, was not sufficient to satisfy this rule. Taylor v. Hill, 10 Leigh 457.
Co-tenants against Third Persons.—A plaintiff in an action of ejectment cannot recover that to which he has not the legal title, therefore a co-tenant cannot recover the share of another co-tenant. If a partition has been made which is effectual, each joint tenant is still seised of his individual share of the whole, and that will be the extent of his recovery in an action of ejectment. Nye v. Lovitt, 92 Va. 710, 24 S. E. Rep. 345.
Action by a Grantor after "taking a Void Grant.—A deed of bargain and sale and release of land, from a person not in possession, to another in the same predicament, the land being at the time held by a *83 third person with adverse title, passes nothing, and therefore does not divest the bargainor of his right to recover in ejectment. Hopkins v. Ward, 6 Munf. 38.
Assignee of a flortgagee.—The possession of the mortgagor, continuing by the mortgagee’s permission, is to be considered the possession of the mortgagee ; so that, where the latter could recover in ejectment, Ms deed assigning the mortgage will enable the assignee to recover in like manner. A final decree of foreclosure, in favor of the assignee of a mortgage, ought to put to rest any controversy between the parties thereto, on the ground of any supposed delect in the deed of assignment. Chapman v. Armistead, 4 Munf. 382.
Party Ciaisning: wilder a Decree.—A decree requiring the execution of a conveyance to a party, does not of itself vest title to the land in that party, and he cannot maintain an action of ejectment for it until there has been a deed executed to him. Aldridge v. Giles, 3 H. & M. 136; Nelson v. Triplett, 81 Va. 236.
Reversioner.-—Where there was a devise to a person and the heirs of his body, but if he died without heirs of the body, then a limitation over the heirs of the grantor; this was held to be a fee simple defeasible upon the devisee dying without heirs of the body ; and when the devisee died without heirs of the body, the heirs of the grantor were allowed to sue for and recover the land in an action of ejectment. Elys v. Wynne, 22 Gratt. 224. See also, Corr v. Porter, 33 Gratt. 278; Hyer v. Shobe, 2 Munf. 200; Burke v. Lee, 76 Va. 386.
Ejectment by the Heir -Presumption.—Where an ancestor dies in possession of land, the presumption of lawis that the heir is in possession after the death of the ancestor ; and in the absence of all evidence on the point, the heir may maintain ejectment upon the strength of his possession, against one who has entered upon the land without title, or authority to enter under the title outstanding in another. Tapscott v. Cobbs, 11 Gratt. 172.
Heirs of an Executor.-—On the death of an executor who had acquired the legal title to land at a trustee’s sale, his heirs were the proper parties to bring ejectment, whether the property was purchased by their ancestor in his own right, or for the benefit of his testator’s estate. Sulphur Mines Co. v. Thompson, 93 Va. 293, 25 S. E. Rep. 232.
Action by the Person hi Possession of the Premises.— Virginia Code, sec. 2726, as amended by Acts 1895-6. p. 514, provides that: “The person actually occupying the premises and any person claiming title thereto or claiming any interest therein adversely to the plaintiff may also at the discretion of the plaintiff be named defendant in the declaration. If theie be no person actually occupying the premises adversely to the plaintiff then the action must be against some person exercising ownership thereon, or claiming title thereto, or some interest therein at the commencement of the suit.” It was suggested that under this statute the person in possession of the land might sue in ejectment a person claiming title thereto, but this view is overruled, and it is held that ejectment will not lie in such case. Steinman v. Vicars (Va. 1901), 7 Va. Law Reg. 259.
Patentee of Waste Land.—It is not necessary for a patentee of waste and unappropriated land, to make a personal entry thereon, to enable him to maintain ejectment; for the patent ipso facto confers seisin. Ruch seisin may be transferred and continued by deed of bargain and sale, or by devise ; but a person, whose seisin is interrupted by the actual entry and adverse possession of another, cannot, while out of possession, convey by bargain and sale such a title as will enable the bargainee to recover in ejectment. Clay v. White, 1 Munf. 162.
Heirs of a Patentee.—The heirs of a patentee ot land may recover in ejectment, against a person who had the use and occupation of the land as his own, in the lifetime of the patentee, and so continued until after Ms death, claiming to hold the same by adverse possession ; the duration of such possession having been less than twenty years. See v. Greenlee, 6 Munf. 303; Clay v. White, 1 Munf. 162; Clay v. Kansome, 1 Munf. 454. In such case, if the heirs being out of possession of the land, have executed .a deed of bargain and sale of the same to a third person, such bargainee cannot recover in ejectment; but the bargainors may. See v. Greenlee, 6 Munf. 303; Hopkins v. Ward, 6 Munf. 38; Ushers v. Pride, 15 Gratt. 190.
Junior Patentee.—A patent is the consummation of the legal title, and passes to the grantee the legal estate and seisin of the commonwealth. Accordingly, where a patent contained a reservation in favor of a prior claimant who relied only on his entry and survey, and under these circumstances, a patent including the land so claimed and without a reservation, was issued toa junior patentee, the latter acquired the legal title, and his title prevathed in an action of ejectment. Carter v. Hagan, 75 Va. 557.
In an action of ejectment, the plaintiff rested his title on a grant dated in 1796 of 20,000 acres; defendantreiiedonapatent datedin 1795, for an equal tract adjoining the plaintiff’s tract, and a resurvey by order of court in 1835, for the purpose of more certainly establishing the lines of the original grant. The resurvey contained 26,650 acres, the ditference being within plaintiif's tract. The lines of the resurvey, however, did not correspond with those of the original grant. It was held that the title to the 6,650 acres was founded on new rights acquired subsequent to the plaintiff's patent, and could not affect the plaintiff’s title. Randolph v. Longdale Iron Co., 84 Va. 457, 5 S. E. Rep. 30.
Action by the Commonwealth.—An act directed the public engineer to lay off a road and sites for bridges thereon, and declared that upon the return of the plats thereof to the clerks’ offices of the conncy courts in which the road located lay, the land should be vested in the commonwealth for the use of the road. It was held, that on compliance with the law, the title to the land on which the road was located, and the sites of the bridges were fixed, was vested in the commonwealth; and that the commonwealth or her grantee might maintain ejectment therefor against the former owner. James R. & K. Co. v. Thompson, 3 Gratt. 270.
Parties Claiming under aStatute—Virginia.— a plaintiff in ejectment who does not claim title by grant from the commonwealth, but by certain proceedings had under sec. 41, ch. 108, Code of 1873 as amended by Acts 1879-80, p. 205, must bring himself within the terms of this act. This act provides that the commonwealth’s title to land which has been settled continuously for five years, and on which taxes b ave been paid within five years by the person in possession. shall be relinquished to the person in possession of the land claiming the same under such settlement and payment. Where the evidence showed that the plaintiff's grantor was not in possession when proceedings under such act were begun, it was held *84 proper for the court to sustain a demurrer to evidence, for want of title in the plaintiff. Slocum v. Compton, 93 Va. 374, 25 S. E. Rep. 3.
Parties Claiming under a Statute—West Virginia.— The act of 1841 vested title to land in those who were in actual possession under claim of title, derived from or under a grant. Parties who claim under this act, must show possession under title or claim derived from or under a grant of the commonwealth. It was held th at the parties in an action of ej ectment who claimed title from a patent issued on different entries and surveys of different dates, must show within which of the entries or surveys the land lay, which they claimed as actual occupants under this act. Kenna v. Quarrier, 3 W. Va. 210.
Purchaser from Insolvent Debtor.—Where a person taken in execution is discharged as an insolvent debtor, the estate in lands belonging to him at the time of such discharge is, by the statute (1 Rev. Code, 1819. ch. 134, p. 538), so completely vested in the sheriff of the county wherein such lands lie, that an action of ejectment for such lands cannot after-wards be maintained on the demise of the insolvent debtor, while the execution remains unsatisfied. Syrus v. Allison, 2 Rob. 200.
Collateral Agreement No Bar to the Action.—An agi cement between a tenant in possession and the plaintiff in an action of ejectment, that if the plaintiff recovers against the tenant’s lessor, a lease shall be executed by the plaintiff in the same terms as that subsisting before, does not operate to bar the action by the plaintiff, which joins the tenant as a defendant. Carrington v. Otis, 4 Gratt. 235.
Bill in Equity by a Phrty Who flay riaintain Eject™ meat.—Wheire a party'has a complete and adequate remedy at law for the recovery of land, equity has no jurisdiction. A bill in equity in such case is called an “ejectment bill” and is demurrable. Stuart v. Coalter, 4 Rand. 74; Lange v. Jones, 5 Leigh 192; Carrington v. Otis, 4 Gratt. 235; Stearns v. Harman, 80 Va. 48; Jones v. Fox, 20 W. Va. 370.
A widow claiming to be the sole heir of her deceased husband has not a right to file a bill in chancery against parties claiming to be heirs of her husband, who are in possession of the property of her deceased husband as his heirs, and obtain from the court a decision, as to who are the true heirs of the husband, and be put into possession of her husband’s land, if she established herself to be his sole heir. In such case her remedy is in a common-law court by ejectment. Jones v. Fox, 20 W. Va. 370.
A court of equity has no jurisdiction to settle the title or bounds of lands between adverse claimants, unless the plaintiff has an equity against the defendants claiming adversely to him. An equity against other persons will not give such jurisdiction. The remedy in such case is by an action of ejectment. Stuart v. Coalter, 4 Rand. 74; Lange v. Jones, 5 Leigh 192; Carrington v. Otis, 4 Gratt. 235.
A court of equity has no jurisdiction to remove a cloud upon the title to land, where the party who asks for relief is out of possession. He has a complete remedy at law in an action of ejectment for the recovery of the land. Otey v. Stuart, 91 Va. 714, 23 S. E. Rep. 513; Louisville, etc., R. Co. v. Taylor, 93 Va. 231,-24 S. E. Rep. 1013; Stearns v. Harman, 80 Va. 48.
B. AGAINST WHOM THE ACTION MAY BE BROUGHT.
Party in Possession—Common-Law Rule.—At common law the rule is well established that the action. of ejectment must be brought against the tenants in possession. The landlord has a right to be made a joint defendant, however, through fear that he may be injured by a combination between the plaintiff and his tenant: but he may waive this right, or having asserted it, he may relinquish it by consent to the plaintiff. Herbert v. Alexander, 2 Call 502; Stearns v. Harman, 80 Va. 48; Southgate v. Walker, 2 W. Va. 427; Hauks v. Price, 32 Gratt. 107. In an action of ejectment the facts proven at the trial, did not show that the defendant was in possession of the land described in the declaration, at the time the action was brought. It was held, that the plaintiff was not entitled to a judgment against him, although the plaintiff’s title and right to recover were perfect in all other respects. Nor did the common-law consent rule, then in force, obviate the necessity of its being proved or admitted on the trial, that the defendant was in possession of the land sued for, at the time the suit was rought. Southgate v. Walker, 2 W. Va. 427.
Ejectment may be brought against several persons; in possession of any part of the tract of land claimed by the lessor of the plaintiff. Stuart v. Coalter, 4 Rand. 74.
Party Claiming Title—Statutory Rule.—The Virginia Code, ch. 131, sec. 5, provides “that the person actually occupying the premises shall be named defendant in the declaration. If they be not occupied, the action must be against some person exercising ownership thereon, or claiming title thereto, or some interest the.rein at the commencement of the suit.” So in Stearns v. Harman, 80 Va. 48, a bill in equity asking for relief when there was no person in possession of the land, was dismissed, because ejectment might have been brought against the person claiming title to the land. This statute was also construed in Harvey v. Tyler, 2 Wall. (U. S.) 134. See also, Postlewaite v. Wise, 17 W. Va. 14.
V. DEMAND AND NOTICE TO QUIT.
Necessity of Notice.—Where a purchaser of land is put in possession without a conveyance having been made to him, he is a tenant at will, and his possession is lawful, until demand of possession is made by the owner, and refusal is made by the tenant. In such case, the vendor is bound to make demand for the premises, and serve the tenant with notice to quit before bringing an action of ejectment; and this is true even though the vendee may be entitled in equity to a specific execution of the contract. Twyman v. Hawley, 24 Gratt. 512; Williamson v. Paxton, 18 Gratt. 475; Pettit v. Cowherd, 83 Va. 20, 1 S. E. Rep. 392; Jones v. Temple, 87 Va. 210, 12 S. E. Rep. 404.
Tenant by Sufferance—Notice Not Essential.—'Where a party is in possession of land under a contract which has already been declared null and void, he is merely a tenant by sufferance, and as such not entitled to notice to quit before ejectment can be maintained by his landlord for the premises. McClung v. Echols, 5 W. Va. 204.
VI. DEFENCES.
A. LIMITATIONS OR ADVERSE POSSESSION.
Adverse Possession a Good Defence.—Where there is adverse possession by the defendant of the premises for the period of the statutory bar, this of course is a good defence to an action of ejectment. Va. Midland R. Co. v. Barbour, 97 Va. 118, 33 S. E. Rep. 554; Taylor v. Burnsides, 1 Gratt. 190; Creek *85 mur v. Creekmur, 75 Va. 430; Thomas v. Jones, 28 Gratt. 383; Va. Min. & Imp. Co. v. Hoover, 82 Va. 449; Bream v. Cooper, 5 Munf. 7; Andrews v. Roseland Iron & Coal Co., 89 Va. 393, 16 S. E. Rep. 252; Stull v. Rich Patch Iron Co., 92 Va. 253, 23 S. E. Rep. 293; Core v. Faupel, 24 W. Va. 238; Adams v. Alkire, 20 W. Va. 480; Lagorio v. Dozier, 91 Va. 492, 22 S. E. Rep. 239.
See monographic note on “Adverse Possession” appended to Nowlin v. Reynolds, 25 Gratt. 137.
When the Statute Commences to Run.—The statute of limitations does not commence to run in favor of an occupant of land, while the title thereto is vested in the state. But the statute does- commence to run in favor of such occupant against the grantee of the state, from the date of the grant of the land so occupied. Hall v. Webb, 21 W. Va. 318; Adams v. Alkire, 20 W. Va. 480; Shanks v. Lancaster, 5 Gratt. 110; Reusens v. Lawson, 91 Va. 226. 21 S. E. Rep. 347.
Injunction to Judgment on Ground of Lapse of Time. -’An injunction to a judgment in an action of ejectment, will not lie dissolved, where it appears that the plaintiff in the action, was guilty of ladies and has acquiesced in the claim of the defendant for the period of the statutory bar. Hatcher v. Hall, 77 Va. 573.
“War and Stay Law Period” Must Be Excepted.—A defendant in ejectment is protected by twenty years' possession before the bringing of the action, but the stay law period provided for by the legislature is not to be counted in his favor. Clay v. Ransome, 1 Munf. 454; Va. Min., etc., Co. v. Hoover, 82 Va. 449; Hall v. Webb, 21 W. Va. 318. But a statute providing for the war and stay law period, so far as it relates to actions for recovery of land, is unconstitutional and void, as to actions which had become barred before the passage of that act. Hall v. Webb, 21 W. Va. 318.
Burden of Proving Adverse Possession.—Where defendants in ejectment rely upon adverse possession as a defence, the burden of proving adverse possession is on them. They must show not only entry, but that their possession has been continuous during a period necessary to give title under the statute of limitations. A break in the possession restores the seisin of the true owner. Stonestreet v. Doyle. 75 Va. 356; Turpin v. Saunders, 32 Gratt. 27; Parkersburg, etc., Co. v. Schultz, 43 W. Va. 470, 27 S. E. Rep. 255; White v. Ward, 35 W. Va. 418, 14 S. E. Rep. 22.
Ejectment for Rent—Saving in Favor of Infants Not Applicable.—The saving in favor of infants, married women or insane persons in sec. 36, ch. 135, of the Code, in relation to actions or ejectment was held not to apply to actions of ejectment brought by the lessee to recover possession of the leased premises, which had been recovered by the landlord, under his right of re-entry for rent in arrears, as provided for by § 16, ch. 138, of the Code. In such case the lessee is always barred in twelve months. Leonard v. Henderson, 23 Gratt. 331.
Possession Not Adverse.—An open, exclusive, notorious and uninterrupted possession of land for more than twenty years, taken, held, and claimed under a parol gift from a plaintiff in ejectment, for a life not yet terminated, is no bar to his recovery in the action. Clarke v. McClure, 10 Gratt. 305; Flanagan v. Grimmet, 10 Gratt. 421.
The holder and claimant of property, under an equitable title derived from a vendor or grantor, who retains the legal title for future conveyance, does not hold adversely but in subordination to the grantor’s title ; and no length of possession under such title will ripen into such a title as to bar an action of ejectment brought by a second grantee, who has the legal title. Nowlin v. Reynolds, 25 Gratt. 137; Garrett v. Ramsey, 26 W. Va. 345.
B. OUTSTANDING TITLE IN A THIRD PARTY. Outstanding Title Must Be Valid,—To defeat an action of ejectment by an outstanding title in a stranger, the defendant must show it to be a present, subsisting, operative legal title, on which the owner could recover if asserting it by action. It is ndt for the plaintiff to disprove its validity. Parkersburg Industrial Co. v. Schultz, 43 W. Va. 470, 27 S. E. Rep. 255; Wilson v. Braden (W. Va.), 36 S. E. Rep. 367; Wilcher v. Robertson, 78 Va. 602; Jarrett v. Stevens, 36 W. Va. 445, 15 S. E. Rep. 177; Atkins v. Lewis, 14 Gratt. 30.
An outstanding title which will defeat an action of ejectment must be one that is subsisting and superior at the commencement of the action. Jarrett v. Stevens, 36 W. Va. 445, 15 S. E. Rep. 177.
One who is in actual possession of land, cannot defeat an action of ejectment, by showing that he had conveyed his title to another, before the commencement of the action. Wilson v. Braden (W. Va.). 36 S. E. Rep. 367.
Proof of Outstanding Title Insufficient. - In an action of ejectment it was held that a grant of land by the commonwealth, which was properly issued and authenticated, gave the grantee vrima facie title, which could not be resisted in ejectment, by a defendant who had taken possession without color of title, and relied on the fact that the land had been conveyed by an old colonial governor, to a third person, prior to the grant by the commonwealth to the plaintiff. Holloran v. Meisel, 87 Va. 398, 13 S. E. Rep. 33.
Patent—Prima Facie Proof.—Defendants in ejectment relied upon an outstanding title in a third person and offered in evidence an abstract of the patent certified by the register, which was received without objection. It was held that this was to be regarded in the appellate court as %wima facie evidence that such a grant was issued, though the case came up on a demurrer to evidence. Atkins v. Lewis, 14 Gratt. 30.
Contract of Purchase.—Where the defendants ra an action of ejectment did not attempt to show title in any other person than the plaintiff, but claimed under him, and sought to defend their possession by virtue of a contract of purchase, it was held that they were estopped from disputing his title. McClung v. Echols, 5 W. Va. 204.
G. EQUITABLE DEFENCES.
At Common Law.—At common law no equicable defence is available in an action of ejectment against the plaintiff with the legal title. Taylor v. King, 6 Munf. 358; Harris v. Harris, 6 Munf. 367; Gibson v. Jones, 5 Leigh 370; Carrington v. Goddin, 13 Gratt. 587.
By Statute.— Equitable defences are now very generally allowed by statute to prevail against the party with the legal title in certain specific cases. The defences provided for in Virginia and West Virginia are two:
First.—When a vendor of land seeks to eject the vendee who has no deed, but is in possession under a written contract of purchase signed by the vendor, and the vendee has paid for the land, and is entitled to a deed. Va. Code 1887, sec. 2741; W. Va. Code 1899, ch. 90, sec. 20. The defence under this section is limited to cases where the whole contract, *86 and its precise terms, is manifested by plain written evidence. The written contract itself must be produced before the jury; and parol evidence of its contents is Inadmissible, though it may have been lost or destroyed. Davis v. Teays, 3 Gratt. 283; Carrell v. Mitchell, 37 W. Va. 130, 16 S. E. Rep. 453; Jennings v. Gravely, 92 Va. 377, 23 S. E. Rep. 763; Suttle v. Richmond, etc., R. Co., 76 Va. 284.
Second.—Where the sum, a mortgage or deed of trust was given to secure, has been paid, and the owner of the land is in possession, and the mortgagee or trustee brings ejectment. Code of Va. 1887, sec. 2742; W. Va. Code 1899, ch. 90, sec. 20. Under this section the defence is limited to mortgages and deeds of trust, where the mortgage money has been fully paid, or to sales, where the vendee has paid all the purchase money and performed everything Incumbent on him, so as to entitle him to the specific execution of the contract in equity, and a conveyance of the legal title, without any condition proper in equity to he imposed on him. It, must be a sale, and not a partnership in the acquisition of the land; and the terms of the contract must be plaiu. Davis v. Teays, 3 Gratt. 283; Carrell v. Mitchell. 37 W. Va. 130, 16 S. E. Rep. 453; Suttle v. Richmond, etc., R. Co. 76 Va. 284; Jennings v. Gravely, 92 Va. 377, 23 S. E. Rep. 763.
Statute Strictly Construed.—The legislative enactment providing for equitable defences in certain specified cases was dictated not by a general, but a restricted policy, having in view on the one hand the preventing of gross injustice to the tenant in possession, and on the other guarding against the evils of a complicated and protracted litigation. The defendant who cannot bring himself within the terms of this statute, though he has a perfect equitable title, must fail in his defence against the plaintiff with the legal title and immediate right of possession. Davis v. Teays, 3 Gratt. 283; Jennings v. Gravely, 92 Va. 377, 23 S. E. Rep. 763; Suttle v. Richmond, etc., R. Co., 76 Va. 284.
Notice of Equitable Defences.—The statute allowing equitable defences requires that a notice of such defence must be given to the plaintiff at least ten days before the trial. If the defendant does not file the notice as required by this section, his defence will not avail him at the trial. Carrell v. Mitchell, 37 W. Va. 130, 16 S. E. Rep. 453.
VII. PLEADING AND PRACTICE.
A. FORUM OF THE ACTION.—Land is immovable property, and the universal law of nations is, that the forum rei sites in actions at law is the only jurisdiction in which the right or title to immovables can be determined, and the j udgment of such forum is absolutely conclusive in such cases. Witten v. St. Clair, 27 W. Va. 762.
B. THE DECLARATION.
Description and Location of the Property.—The declaration in an action of ejectment must describe the premises sought to he recovered with sufficient certainty. What is sufficient certainty will depend largely upon the circumstances of the particular case. But as the purpose of the description, is to identify the land so as to enable possession to be given after judgment rendered, it may be said to be the general rule that where the description of the property in the declaration is sufficient to enable the sheriff to deliver possession of the property after judgment, it Is a sufficient description. Urquhart v. Clarke, 2 Rand. 549; Hitchcox v. Rawson, 14 Gratt. 526; Postlewaite v. Wise, 17 W. Va. 1; Carter v. Chesapeake, etc., Ry. Co., 26 W. Va. 644; Kemble v. Herndon, 28 W. Va. 524; Holly River Coal Co. v. Howell, 36 W. Va. 489, 15 S. E. Rep. 214; Fleming Oil & Gas Co. v. South Penn Oil Co., 37 W. Va. 645, 17 S. E. Rep. 203; Clerc v. Greer (W. Va.), 38 S. E. Rep. 485.
In Carter v. Chesapeake, etc., R. Co., 26 W. Va. 644. the declaration described the premises as “a certain lot of land lying in the town of Ronceverte, in the county aforesaid, being the piece of land near the railroad depot in said town, upon which the defendant has erected a pumphouse and appliances for the purpose of supplying its engines with water.” Applying the rule above laid down, the court held this description sufficient, and a demurrer to the declaration was overruled.
In Hitchcox v. Rawson, 14 Gratt. 526, a declaration which described the laud as a part of a larger tract owned by the plaintiff, near certain creeks which had no public notoriety was held defective and had on demurrer.
In Clerc v. Greer (W. Va.), 38 S. E. Rep. 485, a description of land showing the county, thequantity, the home farm of which it was a part, the person to whom it was assigned, the suit in which partition, was made, and all the lauds by which it was hounded, was held sufficient.
In an action of ejectment brought under Code of Virginia of 1860, it was held that the land was described with sufficient certainty, where the declaration stated the county in which it lay, and that it adjoined the “old Postlewaite farm,” and that it contained 114 acres, and its boundaries were set out in detail by courses and distances. Postlewaite v. Wise, 17 W. Va. 1.
In Kemble v. Herndon, 28 W. Va. 524, the caption of the declaration was; “West Virginia, Preston County, to wit.” The declaration described the land as situated in Preston county, in Kingwood district, and gave a description of it which was minute and accurate. The declaration was held valid, and the fact that it was not stated in the body of 'the declaration that Preston county was in West Virginia, did not invalidate it.
The Declaration Need Not Allege That the Premises Were “Unlawfully”. Withheld.—A declaration in an action of ejectment, which alleged that the plaintiffs were ousted by the defendants, and held out of possession by them, was held sufficient. It was not necessary to allege that the defendants unlawfully withheld possession of the premises from the plaintiffs. Postlewaite v. Wise, 17 W. Va. 1.
Variance in Counts—Effect.—After issue joined in ejectment on the title only, and a verdict for the plaintiff, for the land in one of the counts in the declaration mentioned, it was held to be no ground for a motion in arrest of judgment, that the two counts laid demises of the land from different persons. Throckmorton v. Cooper, 3 Munf. 93; Paul v. Smiley, 4 Munf. 468.
In ejectment, where the demise and ouster were laid precedent to the plaintiff’s title, it was held to be cured by the statute of jeofails. Duval v. Bibb, 3 Call 362; Whittington v. Christian, 2 Rand. 353.
Enlarging the Term Laid in the Declaration.—Upon a judgment in ejectment, if execution of the writ of habere facias possessionem be prevented for several years by injunction, the plaintiff is entitled to the writ on motion upon a rule to show cause, without a scire facias, provided not more than a year has elapsed since the affirmance, by the court of appeals, of the decree dissolving the Injunction, and *87 dismissing the bill in chancery. In such case, if the term laid in the declaration has expired pending the proceedings on the injunction the court to which the motion is made for the writ, may cause the term to be enlarged and award the writ, upon a rule to show cause, served upon the defendant, Noland v. Seekright, 6 Munf. 185.
That the term stated in a declaration in ejectment has expired, previous to the decision on an appeal, is a circumstance of no importance. Baker v. Seekright, 1 H. & M. 177.
In ejectment, if the term laid in the declaration expire before the decision of the cause, the practice is to grant leave to amend the declaration by enlarging the term. Hunter v. Fairfax, 1 Munf. 218.
LandSord Not Joined in the Declaration—Costs.—A landlord who defended an action of ejectment against, his tenant without being joined in such action, was compelled to pay the costs of the action where his defence was unsuccessful, and execution against the tenant for the costs had been returned unsatisfied. Johnston v. Mann, 21 W. Va. 15.
Where a tenant was sued in ejectment for the land so held by him it was held that Ms landlord was entitled under the act, Code, ch. 135, § 5, tobe made a party defendant to the action. Mitchell v. Baratta, 17 Gratt. 445.
Substitution of New Plaintiffs by Amending the Declaration.—When one or more plaintiffs have been named in the declaration in ejectment, and it is afterwards discovered or supposed that other persons may have the right, the same reason that authorizes the joinder of several different persons, not claiming jointly or in common, in an original declaration, admits the introduction of new plaintiffs by an amendment. When this is done, all may proceed in the one suit; the same surveys and depositions, thereafter made and taken, and the same evidence, may be used, as far as competent and relevant: and the rights of all the parties may, atone time, be determined. Strader v. Goff, 6 W. Va. 261.
Undivided Interests -Declaration—Statute.—By section 2730. Virginia Code.it is provided that the plaintiff in ejectment shall state whether he claims in fee, or for life, or for the life of another, or for years, specifying such lives, or the duration of such term, and when he claims an undivided interest he shall state the same. A declaration was held suliicient under this section, which stated that the plaintiffs were possessed each in fee simple absolute, of an undi vided share or interest in a tract of land, where the suit was for the whole land so claimed, and not tor any part or parcel. Roach v. Blakey, 89 Va. 767, 17 S. E. Rep. 228.
Several Claimants May Be Joined in One Action of Ejectment.—Several tenants, claiming severally, parts of the land sued for, may be sued in one action of ejectment. Camden v. Haskill, 3 Rand. 462.
O. PLÍ5AS.
Under Virginia Statute the Only Plea in Bar Is the General Issue.—in an action of ejectment, the only idea in bar of the action, in whole or in part, admissible under the statute (Code 1873, ch. 131, sec. 13) is the plea of “not guilty”; and where the defendant was allowed to file a paper which he called a disclaimer. but which was in effect a special plea, the appellate court held the allowance of the filing of such paper error. Reynolds v. Cook. 83 Va. 817, 3 S. E. Rep. 710.
Defendant May Plead hi Abatement Waiver.—A plea in abatement is admissible in an action of ejectment, and a defendant may waive his plea in abatement and plead in bar. James River, etc., Co. v. Robinson, 16 Gratt. 434.
A defendant in ejectment admitted that he was mistaken as to matters pleaded in abatement, and upon this admission submitted the issue upon the Plea to the court, and at the same time asked leave to file the plea of “not guilty.” This was in effect a waiver of the plea in abatement, and he should have been permitted to file the plea of “not guilty.” James River, etc., Co. v. Robinson, 16 Gratt. 434.
Pleas—West Virginia—Statute.—The Code of West Virginia, ch. 90, sec. 13, provides, “that a defendant in ejectment shall plead the general issue only, which shall be that he is not guilty of unlawfully with holding the premises,” etc. It was held proper for the court, in an action of ejectment to sustain a demurrer to a special plea, to a declaration in ejectment under this statute. Johnston v. Griswold, 8 W. Va. 240.
D. NEW TRIALS.
Rule in Regard to New Trials in Ejectment.—A court ought to hold a stricter course towards plaintiffs, moving for new trials, in ejectment, than towards defendants; yet, where a verdict in favor of a defendant, in ejectment, is founded in mistake and produces injustice, it Is both the right and duty of the court to grant a new trial. Deems v. Quarrier, 3 Rand. 475.
Motion for a New Trial--After^Discovered Evidence.— In an action of ejectment, judgment being given for the plaintiffs, the defendants moved for a new trial upon the ground of after-discovered evidence. This evidence, which they claimed was after-discovered, was a conveyance which had been on record for two years. It was held that as the defendants did not allege that they had used due diligence, the motion was properly overruled; and the judgment was affirmed on appeal. Lewis v. McMullin, 5 W. Va. 582.
Motion fora New Trial—Putting the Plaintiff upon Terms.—in an action of ejectment, the verdict was for the plaintiff, for the whole amount of the land claimed. The defendants moved the court to set aside this verdict, and to grant them a new trial, upon the ground that the verdict was contrary to the law and evidence. After consideration of the motion, the court entered an order declaring that the verdict was contrary to the law and the evidence, and that it would set the same aside and grant a new trial, unless the plaintiff would abate the said verdict and take a judgment for less land than allowed in the verdict. On an appeal by the plaintiff, it was held that while it is proper for the trial court to put the plaintiff on terms in an action for the recovery of money, this rule does not apply to actions of ejectment because of § 2610, Va. Code, prescribing what the verdict for land shall be. Shiflet v. Dowell, 90 Va. 745, 19 S. E. Rep. 848.
But by a later decision in Virginia, a plaintiff in ejectment may be put upon the term, as well as a plaintiff in any other action. In Fry v. Stowers, 98 Va. 417, 36 S. E. Rep. 482, Harrison, J., in delivering the opinion of the court, said: “We do not approve the rule announced in Shiflet v. Dowell, 90 Va. 745, 19 S. E. Rep. 848, that the principle stated does not apply in the case of an action of ejectment, because of the statute which requires that the verdict shall ‘specify the land, particularly as the same is proved, an d with the same certainty of description as isrequired in the declaration.’ The practice of putting a party upon terms where the verdict is plainly *88 erroneous in part, is a wise and salutary one, saving delay, costs, and above all, ending strife, and we perceive no good reason why the ends of justice are not as much subserved by the application of the principle in an action of ejectment as in any other case.”
IS. APPELLATE PROCEEDINGS.
Effect of Death of the Appellee.—Where, in ejectment, judgment was given for the defendant and the plaintiff appealed, pending which, the appellee died, it was held that the appellant could not sue a scire facias against his heirs, but he must bring a new suit. Tomkies v. Walters, 6 Call 44.
Death of Plaintiff’s Lessor.—An appeal from a judgment in ejectment does not abate by the death of the plaintiff’s lessor; and this is true though the lessor claims for life only. Medley v. Medley, 3 Munf. 191; Kinney v. Beverley, 1 H. & M. 530; Purvis v. Hill, 2 H. & M. 614; Mooberry v. Marye, 2 Munf. 453; Carter v. Washington, 2 H. & M. 31. See also, Stockton v. Copeland, 30 W. Va. 674, 5 S. E. Rep. 143.
Dismissal of Writ of Error.—Where the plaintiff in error himself has done some act since the j udgment complained of was rendered, that would inlaw prevent him from obtaining any fruits of a writ of error, his writ of error will be dismissed by the appellate court. But where the motion to dismiss was founded upon an alleged forfeiture of the defendant’s title after judgment in an ejectment case, the motion was overruled. Bradley v. Ewart, 18 W. Va. 598.
No Issue Made Up—Judgment Reversed.—Where the record in an action of ejectment, showed that there was no issue made up between the plaintiff and the defendant, by the pleadings in the case, the judgment was reversed by the appellate court. Brown v. Cunningham, 23 W. Va. 109.
In an action of ejectment the plaintiff recovered possession of the tract of land in controversy, and a writ of possession issued, ousting the defendant and putting the plaintiff in possession. Afterwards this judgment was reversed by the appellate court. It was held that the defendant was entitled to a writ of possession of the land. Brown v. Cunningham, 23 W. Va. 109.
Irregularities at the Trial—Objection on Appeal.— Where there were a number of defendants to an action of ejectment, and a trial and verdict was had as to part of them, and the case was revived against the heirs of others, and a further trial was had as to them, no objection being made in the court below, it was held that the question of error in the separate trials, could not be raised for the first time in the appellate court. Kenna v. Quarrier, 3 W. Va. 210.
VIII. EVIDENCE.
A. ADMISSIBLE EVIDENCE.
The Evidence Must Be Relevant.—The evidence in an action of ejectment must be relevant to the issue. The statute of jeofails, curing any objection of form or substance in the’declaration in ejectment, after issue joined, does not affect this rule. Butts v. Blunt, 1 Rand. 255. In this case the lessor being a fictitious person, instead of the lessee, evidence on the part of the plaintiff not going to show title in the lessor, was excluded.
The “Best Evidence Rule”—Exceptions.—The rule requiring that the best evidence which the nature of the case admits of should be produced, though generally true, is inapplicable in actions of ejectment concerning the title to land. A copy of a patent is as good evidence of title as the original would be. Lee v. Tapscott, 2 Wash. 276.
The testimony of the editor of a newspaper, that he inserted therein, the requisite number of times, an advertisement, the purport of which he states on oath, is sufficient proof of such publication, on a trial in ejectment, without producing the advertisement itself. Moore v. Gilliam, 5 Munf. 346.
Indorsement on a Deed.—An indorsement on the back of adeed, relating to the subject-matter of the deed, is a part of the deed, and is admissible in evidence to defeat an action of ejectment. Stone v. Hansbrough, 5 Leigh 422.
Recitals in a Deed.—In an action of ejectment, it was held admissible for the Plaintiff to introduce in evidence a deed, for the purpose of supplying a link in his chain of title, by means of recitals contained therein, and from which a grantmight be presumed as against the defendant. Va. & Tenn. Coal & Iron Co. v. Fields, 94 Va. 102, 26 S. E. Rep. 426, See also, Hall v. Hall, 12 W. Va. 1; Hassler v. King, 9 Gratt. 115.
Evidence to Show Adverse Possession.—In ejectment between co-tenants, where the defendants relied on adverse possession, and acquiescence by the plaintiffs, letters by a party under whom defendants claimed, and also a correspondence between one of the plaintiffs and the agent of the defendant, were held competent evidence to show for what purpose the tenants in possession had claimed the property, and the plaintiffs acquiesced in their claim. Stonestreet v. Doyle, 75 Va. 356.
Error in a Patent—Evidence.—in ejectmentfor land in Wood county, lessor of plaintiff claimed under grant of land described in the patent as lying in Monongalia; defendant showed by the statute of 1784, dividing Monongalia and establishing Harrison county, and other evidence that the land described in the patent, at the date of the patent, lay not in the then county of Monongalia, but in that of Harrison, and that no part of the present county of Wood was then part of Monongalia. It was held, competent to the plaintiff to prove, that the land in Wood was the same land granted by the patent, notwithstanding the error of the patent as to the county in which it lay. Chapman v. Bennett, 2 Leigh 329.
Proof of Outstanding Title—Landlord and Tenant.— In an action of ejectment brought by the landlord against a tenant in possession, it appeared that before the institution of the action the tenant had disclaimed to hold under the landlord; it was held admissible for the tenant to introduce in evidence matters which tended to show title in a third person, and an assignment of that title by such third party, to the tenant himself. Smoot v. Marshall, 2 Leigh 134.
Commissioner’s Deed.—In an action of ejectment the plaintiff offered in evidence a deed made by a commissioner in pursuance of a decree entered in a suit brought for the specific execution of a written contract for the sale of the land so conveyed, and such portions of the record, as show the authority of the commissioner to make such deed, including the said written contract. Held, it was not necessary in such action of ejectment to prove the execution of such contract by the vendor of the land. Waggoner v. Wolf, 28 W. Va. 820.
Tax Deed Executed by a Deputy Recorder.—In an action of ejectment, a tax deed for land, executed in 1870, by a deputy recorder, and duly acknowledged by him in his own name as such deputy, was *89 held admissible evidence under W. Va. Code of 1868. Davis v. Living, 32 W. Va. 174, 9 S. E. Rep. 84.
Record in Another Swat. - A record in another suit was held admissible in evidence in an action of ejectment, for the purpose of using as evidence certain exhibits contained in the record, where the exhibits tended to prove title, and the record was accompanied by proof of possession under claim or color of title. Va. & Tenn. Coal & Iron Co. v. Fields, 94 Va. 102, 26 S. E. Rep. 426.
In ejectment where the defendants claimed as a purchaser under a decree, it was held that the record in a chancery cause was legal evidence for him, as a link in his chain of title, though the plaintiff was not a party to the cause. Baylor v. Dejarnette, 13 Gratt. 152.
But in an action of ejectment, the record of another action of ejectment between other parties was held not competent evidence upon a question of boundaries, or the location of the land in controversy. Stinchcomb v. Marsh, 15 Gratt. 202.
Record of Prior Proceedings—Collateral Attack.—On the trial of an action of ejectment, plaintiff claimed under a conveyance from a commissioner of delinquent lands, and offered the record of the proceedings for the sale ol the lands in evidence. The defendant objected to it for irregularities on its face. But as these irregularities did not render the proceedings void, it was held they could not be attacked in a collateral proceeding between the purchaser and a third party. Hitchcox v. Rawson, 14 Gratt. 526.
Evidence of Nonexecution of a Deed.—In an action of ejectment, evidence by the female plaintiff, that she did not sign or acknowledge the deed under which the defendant claimed, was admitted. It was held that the defendant might rebut this by showing that she received a part of the consideration for the deed. Blair v. Sayre, 29 W. Va. 604, 2 S. E. Rep. 97.
Identification of Land'-Land Books—Payment of Taxes.—Upon the trial of an action of ejectment it was held admissible for the plaintiffs to introduce evidence showing that a tract of land containing the same number of acres, and lying the same distance from the courthouse, and in the same direction as the land in controversy, was charged on the land books for the purposes of taxation. They w'ere also allowed to introduce tax tickets showing the payment of taxes on the land so listed. The question as to the identity of the land was held one for the jury upon all the evidence. Sulphur Mines Co. v. Thompson, 93 Va. 293, 25 S. E. Rep. 232.
Entry—Identification.—An entry may be introduced, as presumptive evidence, before the jury, in an action of ejectment, to identify the calls of the patent; but not to turnish particulars of description, not contained in the grant, nor to invalidate or aid the legal title of which the patent is the foundation. Camden v. Haskill, 3 Rand. 462.
Evidence to Show Color of Title—in an action of ejectment to recover a larger tract of land, of which defendants claimed title to two parcels or interlocks, it was held proper for the court to admit evidence of the possession of the plaintiff of the larger tract outside of the interlocks in controversy, where the plaintiffs claim was based upon adverse possession under color of title. Breeden v. Haney, 95 Va. 622, 29 S. E. Rep. 328.
Defendant in ejectment claiming under a junior patent, founded on an inclusive survey, may introduce in evidence the entries for the different tracts embraced in the inclusive survey, the order of court authorizing the survey, and the survey itself, in order to show possession under color of title prior to his patent. Shanks v. Lancaster, 5 Gratt. 110.
The deed- or instrument relied on to give color of title, must seem to define specifically the boundaries of the claim, therefore, an instrument offered by the plaintiff in evidence in an action of ejectment, which did not point to the boundaries of the claim, was rejected. Blakey v. Morris, 89 Va. 717, 17 S. E. Rep. 126.
Party Claiming under a Void Patent.—Where the grantee in a patent for land was dead at the time the grant issued, the patent was void ; and this was properly shown on a trial of ejectment in which one party claims under the patent. Blankenpickler v. Anderson, 16 Gratt. 59.
In ejectment, it was held competent to the defendant, to give in evidence that the patent, under which the plaintiff claimed, was obtained by fraud, although upon the face it appeared to have been regularly issued. Hambleton v. Wells, 4 Call 213. But evidence is inadmissible, in an action of ejectment, to show irregularities which do not amount to fraud. Witherinton v. McDonald, 1 H. & M. 306.
Competency of Witnesses—Trustee.—The trustee in a deed of trust, conveying property to be sold for payment of a debt, is equally the agent of the debtor and creditor, and is a competent witness, in an action of ejectment against the debtor in behalf of a purchaser from himself, to prove that the sale of the property was advertised, according to the terms of the deed of trust. Ross v. Norvell, 3 Munf. 170.
Competency of Witnesses—Husband and Wife, -in an action of ejectment, theheirs of a wifedemanded land in possession of grantees of the husband, on the ground that it had descended upon her from her father, though the wife’s brothers had conveyed it to her and her husband by a deed reciting a consideration, but which the heirs claimed -was only a deed of partition. It was held, that the declarations of the husband that the land had come to the wife from her lather and that he had only a life estate in it, were admissible in evidence. Dooley v. Baynes, 86 Va. 644, 10 S. E. Rep. 974.
B. INADMISSIBLE EVIDENCE.
Irrelevant Evidence.--Evidence which is irrelevant to the issue, and which has no connection with the subject of the controversy is not admissible in an action of ejectment. Blakey v. Morris, 89 Va. 717, 17 S. E. Rep. 126; Butts v. Blunt, 1 Rand. 255. The will of a patentee of land under whom the plaintiff in ejectment claimed, was held inadmissible in evidence, where it made no reference to the land in controversy. Blakey v. Morris, 89 Va. 717, 17 S. E. Rep. 126.
Unproved Deed.—In an action of ejectment, it was held error to admit a deed in evidence, where there was no legal proof of its execution, and no sufficient evidence of possession under it; and evidence of possession fifteen years after the date of said deed by a purchaser from the grantee therein, under his deed, was not sufficient to entitle the former deed to be admitted. Where the plaintiff was permitted to show by parol evidence, possession in conformity with his deed, it was held error to exclude the evidence which the defendant offered in rebuttal. Shanks v. Lancaster, 5 Gratt. 110.
Parol Declarations Cannot Extend a Deed.—In an action of ejectment where the plaintiff’s deed conveyed by well defined boundaries, it was held that a *90 parol agreement made before the execution of the deed, that other adjoining land beyond these boundaries, should be included in it, or an agreement after its execution that it should extend to include other adjoining lands, could not have the effect to embrace these lands within the deed. Pasley v. English, 5 Gratt. 141; Pasley v. English, 10 Gratt. 236.
Attackinga Deed.—in an action of ejectment by a party claiming under the purchaser against the devisees, evidence to prove that the consideration of the deed was different from that expressed in it, was held inadmissible. Carrington v. Goddin, 13 Gratt. 587.
Parol Disclaimer.—in ejectment by the heirs of the devisee of an estate in fee, the defendant introduced evidence tending to show a parol disclaimer by the devisee, of the land devised to him, and moved the court to instruct the jury, that if they believed from the facts proved, that there was such parol disclaimer of the land devised, they must find for the defendant. The court refused to give this instruction to the jury, and instructed them that the disclaimer must be by writing. Bryan v. Hyre, 1 Rob. 94; Suttle v. Rich., etc., R. Co., 76 Va. 284.
Deed of Partition.—A decree of partition obtained by several parties against the vendor of certain lands was held inadmissible in evidence in an action of ejectment brought by them against the vendee, who was not a party to the suit for partition and was therefore not bound by the decree. Carter v. Washington, 2 H. & M. 345.
A Deed Which Is Improperly Acknowledged.—If proof, or acknowledgment, of a deed, made by a nonresident of land lying in Virginia, be not certified according to law, though it should be admitted to record it cannot be received in evidence as a recorded deed in an action of ejectment. Turner v. Stip, 1 Wash. 319.
But in Wise v. Postlewait, 3 W. Va. 452, it was held that a deed for land in that state, acknowledged in another state. by part of the grantors, in such manner that it might be admitted to record in West Virginia, but which was not recorded, might be given in evidence on the trial of an action of ejectment, as to the parties by whom it was acknowledged.
C. WEIGHT OF EVIDENCE.
A Question for the Jury.—While it is competent to the court to decide upon the legality and admissibility of evidence, it is not competent to them to decide upon the weight of such evidence. It should be admitted only as legal testimony, in relation to the subject in controversy, leaving the jury to determine what facts are proved by it. Whitacre v. McIlhaney, 4 Munf. 310.
In an action of ejectment, the plaintiff offered evidence to prove where one of the corners of a survey was located, and the defendant offered evidence to prove where another corner was located. As both of them could not be correct it was held a question for the jury, to determine the boundary upon all the evidence which was produced before them. Bowers v. Dickinson, 30 W. Va. 709, 6 S. E. Rep. 335.
Weight of Record in Ejectment.—The record of an action of ejectment is not conclusive evidence of the date of the demise, in an action for mesne profits, although it is conclusive as to the title. Whittington v. Christian, 2 Rand. 353.
IX. VERDICT AND JUDGMENT.
A. REQUISITES AND CONSTRUCTION OF VERDICTS.
In General.—The verdict of the jury in an action of ejectment must describe the premises with convenient certainty and must be responsive to the issue. The estates of the parties in the subject of the controversy must be set out specifically. The object of describing the premises is that possession may be delivered, and where a verdict points out the locality of the tract by reference to the lands of coterminous owners and the public highways passing it, it forms a description equally satisfactory and certain as the statement of metes and bounds ordinarily contained in deeds of conveyance. Hawley v. Twyman, 24 Gratt. 513; Messick v. Thomas, 84 Va. 891, 6 S. E. Rep. 482.
In Wilson v. Braden (W. Va.), 36 S. E. Rep. 367, the evidence showed that the plaintiff and the defendant, were each entitled to hold a part of the land. A verdict of the jury which did not show with any degree of certainty the part each was to hold, was held bad.
A verdict in ejectment, finding for the plaintiff, in general terms, a certain number of acres, part of the premises in the declaration mentioned, without designating the boundaries of such part, or referring to some certain standard to supply such defect, was held too uncertain to warrant a judgment upon it, and a venire facias de novo was awarded. Gregory v. Jackson, 6 Munf. 25; Cropper v. Carlton, 6 Munf. 277; Murra v. Northern, 1 Wash. 282.
Where the premises in an action of ejectment were described in the declaration with “convenient certainty,” and the verdict was that the plaiptiff was entitled in fee to the whole of the premises in the declaration described, such verdict was held not defective for uncertainty. Messick v. Thomas, 84 Va. 891, 6 S. E. Rep. 482.
Co-tenants—Certainty of Verdict.—One cannot recover as sole plaintiff in ejectment the interests of both himself and his co-tenants, and where a plaintiff shows that he is a co-tenant, he must also show the extent of his undivided interest, so that the verdict and judgment may be sufficiently certain as to his interest. Marshall v. Palmer, 91 Va. 344, 21 S. E. Rep. 672.
The Verdict Must Be Responsive to the Issue.—To a charge in a declaration of ejectment that the defendant unlawfully withholds the possession of the land, the plea was “not guilty,” and the verdict of the jury was : “We the jury, find that the defendant does not withhold possession of the land in the declaration mentioned, as alleged, and therefore find for the defendant on the issue joined.” This was held responsive to the issue, and the verdict in form was unexceptionable. Andrews v. Roseland Iron & Coal Co., 89 Va. 393, 16 S. E. Rep. 252.
The declaration in ejectment alleged that the plaintiff was possessed of an estate in fee, and the defendant entered upon this estate and unlawfully withheld possession thereof from plaintiff. The defendant pleaded not guilty, the verdict of the jury was: “We, the jury, find for the plaintiff that he is entitled in fee to the whole of the premises in his declaration described, and that all the defendants were in possession of a part thereof, or claimed title to some part at the commencement of this suit.” It was held, that the verdict responded to the issue. Messick v. Thomas, 84 Va. 891, 6 S. E. Rep. 482; Hawley v. Twyman, 24 Gratt. 516.
*91 Verdict Must Specify the Estate.—In an action of ejectment, the declaration stated that the plaintiff had title in a fee simple to the land, and described it by quantity, and as bounded by certain roads and coterminous owners. The issue was upon the plea of “not guilty,” and the verdict of the jury was: “We, the jury find that the defendant is guilty in manner and form as stated in the declaration.” It was objected that this verdict did not specify the state to which the plaintiff was entitled; but it was held to be a finding by the jury that the plaintiff was enthled to the land in fee. and was a sufficient description of the estate. Hawley v. Twyman, 24 Gratt. 516; Messick v. Thomas, 84 Va. 891, 6 S. E. Rep. 182.
Verdict Must Specify the Estate—West Virginia.—In Elliott v. Sutor, 3 W. Va. 87, the plaintiff claimed land in fee, the verdict of the jury found for the plaintiff the land in the declaration mentioned, as described in a survey in the cause, without specifying the estate therein to which the plaintiff was entitled. It was held that the verdict was unobjectionable. But this case has since been overruled, and it is now held that a verdict which does not specify the estate to which the plaintiff is entitled is fatally defective, under W. Va. Code, ch. 90. Low v. Settle, 22 W. Va. 387; Oney v. Clendenin, 28 W. Va. 34.
Proof that a corporation, suing in ejectment, has an estate in fee in land, whether on the dissolution of the corporation the estate would revert to the grantor or not. is sufficient to support a finding by the jury that the corporation has an estate in fee. Mercer Academy v. Rusk, 8 W. Va. 373.
Verdict—Rules of Construction.—In an action of ejectment there was only one plaintiff, and on a plea of not guilty the jury found this verdict: “We, the jury, find the issue for the plaintiffs, and we And the plaintiffs have title in fee to the lands in the declaration mentioned, and we find one cent damages for the plaintiff.” It was held that this verdict was valid, as the word “plaintiffs” could only refer to the one plaintiff in the case. Williams v. Ewart, 29 W. Va. 659, 2 S. E. Rep. 881.
Verdicts of juries are to be favorably construed. But in an action of ejectment where the verdict was so vague and uncertain that the substantial meaning of the jury could not be satisfactorily collected from the verdict, it was held insufficient, and a new trial was awarded. Lewis v. Childers, 13 W. Va. 1.
Variance between Verdict and Declaration—Construction.—A declaration in ejectment claimed five acres of land, and the plot of the surveyor made in the cause showed that the boundaries and lines as described in the verdict finding for the plaintiffs contained nine acres. It was held that as the only question in dispute was a common line, claimed by the plaintiff and the defendant, and the jury having found for the former, it was immaterial whether the quantity be live or nine acres, as the bounds and line claimed in the declaration corresponded with the bounds and lines found by the jury. Elliott v. Sutor, 3 W. Va. 37.
Province of the Jury-Undivided Interests.—Though in ejectment the plaintiffs in their declaration claim the whole of a tract of land, the jury may find for the plaintiffs for an undivided interest in it. Though where less land is recovered than is demanded, the boundaries of the land recovered should be designated, yet where an undivided interest in it is recovered, it is impossible to set out the boundaries; but the interest being certain, that is sufficient. Callis v. Kemp, 11 Gratt. 78.
In an action of ejectment, where a deed which forms part of the chain of title of the plaintiff, is alleged to be voluntary and fraudulent, it is proper for the jury under suitable instructions from the court, to determine whether the deed was voluntary and fraudulent, or not. Taylor v. Mallory, 96 Va. 18, 30 S. E. Rep. 472.
It was proved on a trial in ejectment, that the father of the lessor of the plaintiff, who devised the land to him. was in possession thereof many years before and until his death; and that the lessor of the plaintiff afterwards conveyed it to a person, who was in possession at the time of his death; it was held that the jury might presume that the lessor of the plaintiff was in possession from the death of his father to the date of -such conveyance, if it was not proved that some other person, in the meantime, had that possession. Moore v. Gilliam, 5 Munf. 346.
Whether the plaintiff in ejectment is sole heir of a person through whom he traces title, and whether the defendant has adverse possession for the period of the statutory bar, are questions for the jury. Taylor v. Mallory, 96 Va. 18, 30 S. E. Rep. 472.
Verdict Fixing the Boundary Lines.—Where, in an action of ejectment, the evidence is conflicting as to boundary lines, the verdict of the jury fixing such lines will not be disturbed unless some other valid objection thereto be shown. Fry v. Stowers, 98 Va. 417, 36 S. E. Rep. 482.
Verdict for Part of the Land Sued for.—Where a verdict in ejectment is for a part only of the land sued for, the boundaries of the part recovered should be designated. The verdict must be certain in itseli, or must refer to some certain standard by which to ascertain the land so found, otherwise it will be too uncertain to warrant a judgment upon it. Callis v. Kemp, 11 Gratt. 78, 84; Gregory v. Jacksons, 6 Munf. 25; Slocum v. Compton, 93 Va. 374, 25 S. E. Rep. 3.
Where Defendant Only Claims Part of the Land.—In an action of ejectment where the defendant at the trial proved that he ;was in possession of and claimed title to only a part of the premises, the verdict and judgment for the whole land claimed in the declaration was held not to be erroneous, or at least not an error whereby the defendant was injured. Messick v. Thomas, 84 Va. 891, 6 S. E. Rep. 482; Carrington v. Goddin, 13 Gratt. 587; Beckwith v. Thompson, 18 W. Va. 103.
In an action of ejectment all of the defendants pleaded a joint plea of not guilty, without disclaiming title to any of the land in the declaration. The plaintiff proved his right to the whole land, but fathed to prove that certain of the defendants were in possession of any part of the land, or that they claimed title to it, or any part thereof. It was held that a general verdict for the whole land claimed in the declaration was not erroneous, because of this failure of proof by the plaintiff. Beckwith v. Thompson, 18 W. Va. 103.
A general verdict for the defendant in an action of ejectment, is proper, if warranted by the evidence; and no disclaimer is necessary to its validity, although much more land was described in the declaration than the defendant had in possession at the commencement of the suit. Jones v. C. & O. R. Co., 14 W. Va. 514.
In an action of ejectment, the tenant, without disclaiming title to any part of the land in the declaration mentioned, proves upon the trial that he is only in possession and claiming title to a part of it. A verdict and judgment in favor of the plaintiff *92 for all claimed in the declaration, is not erroneous; or if it is, it is not an error by which the tenant is injured, or of which he can complain in an appellate court. Carrington v. Goddin, 13 Gratt. 587.
Verdict upon One of Several Counts.—In an action of ejectment, the declaration contains three counts: The first count in the name of J. M. and J. C. M., the second count in the name of J. M., and the third count in the name of J. C. M. The plea filed, is, not guilty, on which issue is joined. The jury find for J. C. M., “under the third count in the declaration, the following land in fee simple,” and described the land so found, by reference to the plat of the surveyor filed in the cause. This finding of the jury is to be taken as a finding for J. C. M., of part of the land in the declaration demanded, and that his estate therein, was an estate in fee simple, and the verdict giving metes and bounds, by reference to said plat, is sufficiently specific. Myers v. Ford, 9 W. Va. 184.
Verdict of Jurors Who Are Irregularly Sworn.—The oath usually administered to a jury is, “to well and truly try the issue joined.” Where the jurors were sworn to “speak the truth of, and upon the premises” their verdict in an action of ejectment was held to be unexceptionable. Mercer Academy v. Rusk, 8 W. Va. 373.
Verdict No Bar to Another Action.—No verdict and judgment in ejectment, can be relied on as a bar to a subsequent action of ejectment, even though for the same land, and between the same defendants and lessors of the plaintiffs, if the fictitious plaintiffs are not the same. Pollard v. Baylors, 6 Munf. 433.
Verdict by Eleven Jurors.—A verdict in ejectment rendered by eleven jurors was held valid, where it appeared that the parties in open court consented to a trial by eleven jurors instead of twelve. Roach v. Blakey, 89 Va. 767, 17 S. E. Rep. 228.
Verdict Extended by the Court.—In an action of ejectment the jury found for the plaintiff one cent damages. The verdict was extended by the court so as to include the land in the declaration mentioned, and one cent damages. This was no error. McMurray v. Oneal, 1 Call 246.
B. SPECIAL VERDICTS.
Special Verdict Must Describe the Premises.—The plaintiff in ejectment may recover less land than the quantity stated in his declaration. But, if the jury find a special verdict, showing the plaintiff entitled to a certain number of acres, part of the tract sued for, and do not specify the boundaries of such part with so much precision as that possession thereof may with certainty be delivered, a venire de novo ought to be awarded. Clay v. White, 1 Munf. 162. See also, Geddy v. Butler, 3 Munf. 345.
Special Verdict—Certainty.—In ejectment the jury set out the wills of a grandfather and father; and if the son who is dead took under his father’s will they find for the plaintiff. If he took under the grandfather’s will, they find for the defendants. The verdict is sufficiently certain; and submits the single question upon the construction of the wills to the court. Callis v. Kemp, 11 Gratt. 78.
In an action of ejectment, the jury having returned a special verdict, which found facts in relation to two tracts of land, arid concluded by saying that if the law arising upon those facts were for the plaintiff they found for the plaintiff, the lands in the declaration mentioned, but if the law was for the defendant they found for the defendant; and the court being of the opinion that the law was for the plaintiff as to one of the tracts' of land, and | | for the defendant as to the other, held it unnecessary to award a venire facias de novo, but gave judgment on the special verdict for the plaintiff for one tract, and for the defendant for the other. Hutchison v. Kelly, 1 Rob. 123.
Special Verdict—Insufficiency.—A special verdict in ejectment was set aside, for not finding the time of the death of a person, under whom the lessors of the plaintiff might or might not have been entitled to the land in controversy, their title depending upon the time when he died, which, from the circumstances disclosed in the verdict, probably could have been found by the jury; also, for not finding whether the defendant or those under whom he claimed, had or had not such possession of the land as would be sufficient for his defence, in that action, whatever might be the state of the title. Cropper v. Carlton, 6 Munf. 277.
Actual Ouster Must Be Shown in Verdict against a Co-tenant.—in an action of ejectment against a tenant in common by a co-tenant, if the jury return a special verdict, actual ouster must be found therein, to entitle the plaintiff to judgment; the pro forma confession of ouster which the defendant is compelled to make before he is allowed to enter his plea, was held not sufficient in an action of ejectment, between co-tenants. Taylor v. Hill, 10 Leigh 457; Purcell v. Wilson, 4 Gratt. 16.
Tracing Title in a Special Verdict.—In tracing title in a special verdict in an action of ejectment, it is not necessary to find a seisin in the crown; because that is the ultimate point beyond which the party is not bound to go. Birch v. Alexander, 1 Wash. 34.
C. THE JUDGMENT.
Effect of a Judgment in Ejectment.—The whole effect of a judgment for the plaintiff in ejectment is to put the lessor of the plaintiff into possession of the land; and the only point decided is, that he has a better title to the possession than the defendant. Chapman v. Armistead, 4 Munf. 382.
After judgment for the plaintiff in ejectment, trespass does not lie against one who was no party to the suit, without proof of an actual trespass. Alexander v. Herbert, 2 Call 508.
Judgment in Ejectment—Validity.—A person, having an equitable title to a tract of land, executed a power of attorney, to obtain a conveyance, but without authorizing a sale of his right. The attorney, being induced to believe the title bond defective and finding it inconvenient to pay the balance due of the purchase money, was persuaded, notwithstanding the land had greatly increased in value, to give up the title bond (but without assigning it) to the husband of a woman in whom the legal title was, in consideration of the husband’s giving up to him the unsatisfied bond for the purchase money. After the death of the wife, the husband sold the land, as his own, and the purchaser of him filed a bill in equity to enjoin a judgment in ejectment obtained against him by the heir of the wife, and to get a conveyance of the land. It was decided, that the contract between the attorney and the husband did not stand on such a footing of fairness and equity, that it ought to prevail over the legal title of the heir of the wife. McClenahans v. Hannah, 4 Munf. 499.
Amendment of a Judgment—Clerical Error.—In following an old form, a judgment in ejectment was entered for “the term yet to come.” It was held no error for a court to allow an amendment of this judgment, so as to conform with the modern action of ejectment, which is adapted to try title to land, *93 as well as to get possession of it. Alvey v. Cahoon, 86 Va. 173, 9 S. E. Rep. 994.
Judgment by Confession in Ejectment.—A confession of judgment in an action of ejectment, by one of several co-defendants, was held valid, where the confession was not obtained by any unfair means, and was not made with intent to embarrass the other defendants. Va. & Tenn. Coal & Iron Co. v. Fields, 94 Va. 102, 26 S. E. Rep. 426.
A judgment by confession in an action of ejectment cannot be corrected by motion ; but only by appeal to a higher court; judgment by confession not being included in the statute allowing correction of judgments by default by simple motion. Stringer v. Anderson, 23 W. Va. 482.
Joint Judgment In Ejectment.— In an action of ejectment. parties defended it jointly and neither of ¿hem entered a disclaimer, but on the contrary gave notice with their plea of not guilty, that they jointly claimed the premises in controversy, and would rely on a contract between the plaintiff and one of tne defendants, as a defence at the trial. It was held that this was an admission that they were in possession, and in possession jointly : and that they would make a joint defence, so a joint judgment was held valid. McClung v. Echols, 5 W. Va. 204.
Where there were three defendants in ejectment, who appeared at different times : the first pleaded and. as to him, issue was joined; the second was admitted a defendant, but did not plead ; the third pleaded, but no issue was joined ; and in this state, the cause was tried, and verdict and judgment were given for the plaintiff: it was not error, notwithstanding there was no plea for the second defendant; nor issue as to the third: for their rights remained untouched, and may be tried when issues are made up as to them. Hambleton v. Wells, 4 Call 213.
Judgment for Costs.—A general judgment for costs against two defendants in ejectment, is proper, though one of them did not enter himself a defendant until there had been one trial of the cause, and a large portion of the costs had been incurred. Middleton v. Johns, 4 Gratt. 129.
Reversal of a Judgment—Validity, - Where there were two judgments in an action of ejectment, one in favor of some of the plaintiffs, against the defendants, and one in favor of the defendants, against the other plaintiffs, it was held that where the defendants appealed from the former judgment, that it might be reversed -without disturbing the other judgment. Strader v. Goff, 6 W. Va. 257.
Office Judgment—Inquiry of Damages Necessary.— An office judgment in an action of ejectment does not become final without the intervention of the court or jury. The defendant in ejectment 'may, upon notice to the plaintiff, appear at the next term of the court, and move the court to set aside the judgment, and allow him to plead therein. Smithson v. Briggs, 33 Gratt. 180: James River, etc., Co., v. Lee, 16 Gratt. 424.
X. HESNE PROFITS AND HMPROVEHRNTS.
Claim for Mesne Profits Entered after Filing of the Plea.—Where a plaintiff in ejectment filed a claim for mesne profits under sec. 30, ch. 90, Code of West Virginia, after the defendant had entered his plea, he was not allowed to recover in the same action, because it might have operated as a surprise or fraud upon the defendant. Witten v. St. Clair, 27 W. Va. 762; McCann v. Righter, 34 W. Va. 186, 12 S. E. Rep. 497.
Interest upon Mesne Profits.—Prior to the act, Code, ch. 177, sec. 14, p. 673, interest could not be allowed by a jury in an ejectment upon the profits ; and where the jury allowed .such interest it was held mere surplusage, and the judgment was given for the principal sum and interest from the date of the verdict. Hepburn v. Dundas, 13 Gratt. 219.
Assessment of Hesne Profits.—in an action of ejectment. after the plea of not guilty -was filed, the plaintiff filed an account of rents and profits, and after the suit had been pending a number of years, an agreement was entered into between the parties to the suit, whereby the defendant agreed to let judgment go by default in the suit, and the plaintiff agreed to waive all claims to damages sustained by destruction of a dwelling house, timber, etc., and the defendant agreed to pay the plain tiff all legal costs and rents in said suit. The action of ejectment remained pending for several years and was dismissed under the four-year rule, without the said rents having been ascertained in the action. In an action of covenant brought on the agreement, by the plaintiff in said action of ejectment, to recover the rents and costs, it was held that as the rents had never been assessed i u either of the modes provided by statute, covenant could not be maintained for them. McCann v. Righter, 34 W. Va. 186, 12 S. E. Rep. 497.
Improvements—Who Can Recover --Bona Fide Claimants.—Where land is recovered in ejectment, the evicted defendant in order to recover for his improvements must have been a bona fide, holder as claimant of the land : and he must have reasonable grounds to believe that he liad a good title at the time he made the improvements. Constructive notice, by the recordation of the deed, is sufficient to prevent him from being a bona fide claimant. Dawson v. Grow, 29 W. Va. 333, 1 S. E. Rep. 564; Hall v. Hall, 30 W. Va. 779, 5 S. E. Rep. 260; Burton v. Mill, 78 Va. 468.
Where land has been recovered in ejectment, and the defendant goes into chancery, to obtain compensation for improvements, he will not succeed if he had notice of the plaintiff’s title at the time of making the improvements. McKim v. Moody, 1 Rand. 58; Southall v. McKeand, 1 Wash. 336; Morris v. Terrell, 2 Rand. 6.
If a person purchase land with notice ol an equitable title in another, but that other neglect to assert his right for a long time, during which time valuable improvements are made on the land, the purchaser shall not in equity, lose the value of his improvements; but if the right is asserted before the improvements are made the purchaser will lose them. Southall v. McKeand, 1 Wash. 336.
Improvements-Juries.—If a defendant in ejectment claims for improvements on the land, the plaintiff may at any time before a judgment is rendered on the assessment of the value of the improvements, though after the jury which tried the issue or passed upon the defendant’s claim for improvements has been discharged, require that the value of his estate in the premises, without the improvements, shall also be ascertained. And this enquiry is to be made by another jury. The value of the plaintiff’s estate in the premises without the improvements, is to be ascertained as at the time when the assessment of the value of the improvements was made. Goodwyn v. Myers, 16 Gratt. 336, and foot-note.
*94 In actions of ejectment, if there is a claim by the plaintiff for mesne profits and damages for waste, and by defendant for improvements under §§ 30 and 32 of ch. 135 of the Code, both claims must be passed upon by the same jury. Where the statements are filed with the declaration and plea, the jury sworn to try the issue in ejectment may make all the enquiries required at the same time that they try the issue, or the enquiries may, if the court should so order, be made by the same jury after the verdict on the title is recorded; or by a new jury to be empanelled. Goodwyn v. Myers, 16 Gratt. 336.
In an action of ejectment, the same jury which tried the case on its merits was allowed without objection from either side, to fix the value of the land, the rent and profits thereof, and the value of the improvement claimed by the defendant. It was held too late after verdict, to object to this action of the court. Corr v. Porter, 33 Gratt. 278. See oot-note to Goodwyn v. Myers, 16 Gratt. 336.